189 So.2d 342

**ALABAMA PUBLIC SERVICE COM-
MISSION et al.**

v.

**REDWING CARRIERS, INC., et al.**

3 Div. 228.

Supreme Court of Alabama.

June 2, 1966.

Rehearing Denied Aug. 25, 1966.

Richmond M. Flowers, Atty. Gen., Robt. P. Bradley and Wm. F. Black, Montgomery, for Public Service Commission.

Pritchard, McCall & Jones, Birmingham, for Chem-Haulers.

Bishop & Carlton and Wm. P. Jackson, Jr., Birmingham, and J. Douglas Harris, Montgomery, for appellees.

HARWOOD, Justice.

This is an appeal from a decree of the Circuit Court of Montgomery County reversing and holding for naught an order of the Alabama Public Service Commission amending the Certificate of Convenience and Necessity theretofore granted to Chem-Haulers, Inc., so as to authorize said company to transport dry commodities in bulk, other than cement, lime, and mortar mix, between all points in Alabama.

At the hearing held in connection with amending the certificate, Redwing Carriers, Inc.; and Hearin-Miller, Inc., appeared in protest to granting the amendment to the Chem-Haulers' certificate.

After the order granting the amendment to the Chem-Haulers' certificate, Redwing and Hearin-Miller filed bills in the nature of a bill of complaint in the Circuit Court of Montgomery County, In Equity, seeking to have the order of the Public Service Commission set aside.

After a hearing in the Circuit Court, the court entered an order in which it found that the evidence presented to the Public Service Commission did not support the application for the amendment to the certificate of Chem-Haulers, Inc.; that the conclusions reached by a majority of the Commission were erroneous, and that such conclusions were in fact repudiated by the evidence.

The court then decreed that the Commission's order granting the amendment to the certificate be "and the same is hereby set aside and declared null and void." The lower court then remanded the cause to the Commission for appropriate orders giving effect to its decree.

■ On appeal to this court in cases of this nature, we must review the judgment of the Circuit Court without any presumption of correctness, since that court was in no better position to review the order of the Commission than are we, no evidence being taken ore tenus in the lower court. Alabama Public Service Commission v. Decatur Transfer and Storage Co., 257 Ala. 346, 58 So.2d 887.

■ In Floyd and Beasley Transfer Co. v. Alabama Public Service Commission, 276 Ala. 130, 159 So.2d 833, the principles controlling the courts, circuit and appellate, in reviewing orders of the Commission are set forth as follows:

"The order of the Commission is taken as prima facie just and reasonable, Title 48, Sec. 82, Code of 1940, and the burden is on the party who would upset the order of the Commission. Alabama Public Service Commission v. Atlantic Coast Line R. Co., 253 Ala. 559, 45 So.2d 449. Also, findings of the Commission will not be overturned if supported by legal evidence of substantial weight and probative force. Alabama Public Service Commission v. Higginbotham, 256 Ala. 621, 56 So.2d 401; Alabama Public Service Commission v. Nunis, 252 Ala. 30, 39 So.2d 409; North Alabama Motor Express v. Rookis, 244 Ala. 137, 12 So.2d 183. * * * This Court has made it clear in the Rookis case, supra, as well as in the case of Alabama Public Service Commission v. Crow, 247 Ala. 120, 22 So.2d 721, that courts must guard against a substitution of their own judgments of findings of fact for the judgment of the Commissioners."

With these principles before us, we now look to the evidence presented in the hearing before the Commission.

Some dozen or more witnesses from all parts of the state testified in support of

Chem-Haulers' petition to amend its certificate.

Shipments of certain commodities generally in a ground or pulverized state can be more economically handled in bulk rather than in bags or packages.

Such transportation usually requires a tank or waterproof type of vehicle, with unloading devices either conveyors or pneumatic loaders and dischargers.

H. F. Little of the Georgia Marble Company, testified that his company ships in intrastate business, pulverized limestone around 1,000 tons per month, with an anticipated increase when their new plant goes into production. Where a customer requests job site deliveries or overnight service, it would be a convenience to have a trucker with authority to make dry bulk deliveries. His company has never been solicited by any carrier with authority to haul ground limestone in bulk within the state of Alabama and he did not know of any such carrier.

Adler Rothschild II, manager of the Mitylene Asphalt Company in Mitylene, Alabama, testified that his company handles mineral filler and was planning on putting in bulk storage facilities to handle this product. His company is in need of motor carrier service to handle bulk shipments in his trade area which extends 100 miles out of Montgomery.

His company has not been solicited by any motor carrier for mineral filler bulk haulage. Redwing Carriers had in the past hauled liquid asphalt for his company, but they had had a lot of trouble with Redwing Carriers in hauling their commodities and had not gotten proper service, and even if Redwing had the authority to haul mineral filler in bulk, it would be to his company's advantage to have another carrier certified for such haulage because in free enterprise two people at least were needed so that the shippers would have a choice in selecting a hauler.

E. B. DeVilliers, Jr., traffic manager of Reichhold Chemicals, Tuscaloosa, Alabama, testified that approximately 40 to 50 per cent of its volume would be diverted to bulk shipments within the state of Alabama, including Demopolis, Mobile, Coosa Pines, and any other plant producing paper.

He estimates that presently the approximate volume they were shipping within the State of Alabama is 8 to 10 million pounds a year of salt cake, 100,000 pounds per month of phthalic anhydride, 60 to 80,000 pounds per month of sodium formate, and 100 to 142,000 pounds per month of pentaerythritol. Approximately 40 to 45 per cent of this production would be diverted to truck haulage, and approximately 70 per cent of such haulage would be shipments in excess of 50 miles from Tuscaloosa.

Mr. DeVilliers further testified that the service by Redwing in hauling dry products had been unsatisfactory and that his company had discontinued shipments by Redwing since this unsatisfactory experience. His company would prefer to have at least two carriers with authority to transport dry bulk products from its plant.

John B. Boswell, general manager of Capitol City Asphalt Company, Montgomery, Alabama, testified that he was supporting Chem-Haulers' petition for the reason that his company anticipated handling 15,000 to 18,000 tons per year of mineral filler, and that he had used the services of Redwing in the past and that his experience with Redwing had been most unsatisfactory.

We will not detail the testimony of further witnesses other than to note that W. L. Foy of the Alasil Corporation, Florence, Alabama, testified that he estimated that his company would ship some 20,000 tons of silicate flour per year and it would be to his company's advantage to ship dry bulk.

D. H. Deadwiler, of the Pillsbury Company, testified that his company shipped finished poultry feed in bulk intrastate in Alabama within a radius of 200 miles from

**662**

Jasper. His company has need also for inbound shipments of feed ingredients, and that they have a definite need for dry bulk haulage services.

Mr. B. R. Walley, president of Walley Milling Company, Oxford, Alabama, whose company is engaged in contract broiler growing, testified as to his company's need for dry bulk haulage of limestone, wheat middlings, soy bean meal, and ingredients for broiler growing, and that his company has plans underway to erect a bulk tank for the handling of bulk deliveries of about 30 tons per month of limestone, 100 tons per month of soy bean meal, and 200 tons per month of poultry by-products.

Other witnesses gave testimony as to their need for dry bulk hauling service which in general was along the lines above set forth.

We have carefully considered en bank the evidence introduced at the hearing before the Alabama Public Service Commission and are clear to the conclusion that such evidence was substantial in nature and ample to support the order made by the Commission granting the amendment to the certificate of Chem-Haulers.

No useful purpose would be served by remanding this cause to the lower court since no additional evidence could be presented in that tribunal, which under procedural rules in appeals from orders of the Public Service Commission, can consider only the case made in the hearing before the Commission. The judgment of the Circuit Court is therefore due to be reversed and rendered. It is so ordered.

Reversed and rendered.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.