249 So.2d 838

**ALABAMA PUBLIC SERVICE COMMISSION**

v.

**A–OK MOTOR LINES, INC., a Corporation.**

**4 Div. 309.**

Supreme Court of Alabama.

April 9, 1970.

Rehearing Denied June 17, 1971.

MacDonald Gallion, Atty. Gen., Robert P. Bradley, Asst. Atty. Gen., William F. Black, Montgomery, of counsel, for appellant.

John W. Cooper, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

Alabama Public Service Commission, hereinafter referred to as the "Commission," appeals from a final decree of the Circuit Court of Covington County, Alabama, in Equity, setting aside and holding for naught an amended order of the Commission, dated May 24, 1967, wherein A–OK Motor Lines, Inc., A Corporation, hereinafter referred to as "A–OK," was directed and required by an original order, dated March 16, 1967, to cease and desist, under Certificate of Public Convenience and Necessity No. 2656, from transporting traffic where A–OK's service as to such traffic does not originate or terminate in Birmingham, Alabama, or a 15-mile radius thereof, in accordance with the findings of the Commission in its report.

Several competing motor carriers, hereinafter referred to as "Complainants," operating intrastate in Alabama, filed with the Commission, on January 13, 1966, their complaint in writing wherein they challenged the right of A–OK to conduct certain traffic operations in general commodities. They further charged that under Certificate No. 2656, issued by the Commission, A–OK was authorized to transport general commodities between Birmingham and points within 15 miles thereof "on the one hand," and certain points named in the certificate "on the other hand."

Complainants alleged in their complaint that A–OK "is authorized to transport general commodities, ONLY when said shipments either originate or are destine (sic) to some point within a radius of 15 miles of Birmingham, Alabama. That is the only meaning of the words 'on the one hand.' Of course, the other termini must be one of the other named points in said authority."

Complainants further alleged that " *   * the Defendant (A–OK) is engaging in operations, not authorized by Certificate No. 2656, in that said Defendant (A–OK) is transporting commodities where the origin point nor the destination point is some point or place within a radius of 15 miles of Birmingham, Alabama, and that such said operations are unlawful and illegal, according to the laws of the State of Alabama and in particular Chapter 3, Title 48, Code of Alabama 1940, as amended; that said operations are against the transportation policy of the State of Alabama and should be discontinued." (Parentheses added.)

As we view the record, complainants contend, in substance, that A–OK will accept shipments at given points outside of Birmingham or its 15-mile radius, carry said shipments to its base area in Birmingham, and there, by its own carrier, relay the same to its destination outside of Birmingham or its 15-mile radius, all contrary to Certificate No. 2656. The point is made that, under the certificate, such shipments accepted outside of Birmingham or its 15-mile radius must stop at A–OK's base area, Birmingham, or within 15 miles thereof, and, if destined to a point beyond, such transportation must be by means other than A–OK's own vehicles.

After demurrer of A–OK to the complaint was sustained, complainants amended the original complaint by alleging more specific details of operation. Thereafter, A–OK filed an answer denying some of the

allegations of the petition and admitting others. The case was heard by the Commission on the amended complaint, the answer thereto, and certain stipulations of the parties. No evidence was taken, and the issues became a question of law for the Commission.

It appears from the record, the briefs of the parties, and stipulations, that Jack Cole Company, hereinafter referred to as "Cole," a common carrier doing business in this state for many years prior to the enactment of Act. No. 669, Gen. Acts of Alabama 1939, page 1064 (Motor Carrier Acts of Alabama), approved and effective on July 5, 1940, had been conducting traffic operations identical to those of A–OK; that it duly filed application therefor and obtained a Certificate of Public Convenience and Necessity which was issued pursuant to Section 8A of said Act, now Section 301 (8)A, Title 48, Code 1940, Recompiled in 1958; that it " * * * (1) had transported general commodities continuously since prior to the effective date of the Motor Carrier Act of 1939 between points in the extremities of the certificate, such as between Opp on the one hand, and, Huntsville, on the other, via Birmingham, (2) had operated the authority continuously in the same manner until the authority was transferred to A–OK, (3) that A–OK had operated the certificate in the same manner up to the time of the complaint, (4) that it had always been the contention of the parties in their presentation of the case to the APSC for the 'grandfather' authority and at all times subsequent thereto that the holder of the authority was authorized to transport commodities from any one point named in the certificate to any other named point under the authority via Birmingham."

This appeal has been submitted here on briefs on a motion to dismiss the appeal and the merits. As the basis of its motion to dismiss, A–OK assigns as grounds the following:

"For that the Final Decree of the Circuit Court from which this appeal was taken was an order dated September 21, 1967 * * * setting aside the cease-and-desist order previously issued by the Appellant Alabama Public Service Commission; that according to Title 7 Ala. Code of 1940, as amended and recompiled, Section 1057 the time within which an appeal can be taken from a final decree granting or denying an injunction is ten days; that Appellant filed his notice of appeal on, to wit, October 11, 1967 * * *, eighteen days after the filing date of the Final Decree."

A–OK's argument in support of the motion to dismiss the appeal is to the effect that the decree of the Circuit Court of Covington County, Alabama, in Equity, denied the injunction (cease and desist) order issued by the Commission, and therefore the appeal is governed by the provisions of Section 1057, Title 7, Recompiled Code 1958. We consider A–OK's position on this point untenable.

This appeal is perfected under the provisions of Sections 82 and 301(27) of Title 48, Recompiled Code of 1958. It is *not* an appeal from the order of the Commission granting the cease and desist order, but, rather, is an appeal from the decree of the circuit court setting aside and holding for naught said order of the Commission. Sec. 301(27), supra, provides that an appeal must be perfected as follows:

"From any final action or order of the commission in the exercise of the jurisdiction, power, authority, conferred upon the commission by this article, an appeal shall lie to the circuit court of the county of the carrier's residence, or in which he has his principal place of business or to the circuit court of Montgomery County, Alabama, sitting in equity, and thence to the supreme court of Alabama. Such appeals must be taken within thirty days after the date of such final action or order * * *."

The motion to dismiss the appeal is denied.

We think it is clear from the record that A–OK acquired and succeeded to the rights of Cole accruing under its certificate issued pursuant to the "Grandfather Clause"; that this certificate was transferred to A–OK by Cole; and that further proceedings of A–OK before the Commission to succeed to the rights of Cole were based on this certificate to Cole. In other words, A–OK steps into the shoes of Cole, so far as its traffic operations are concerned. Therefore, whatever Cole acquired under its certificate relative to the current operations of A–OK was transferred to A–OK. It is necessary that we determine what rights Cole had under its certificate and transferred to A–OK. The question presented is one of interpretation and construction.

In compliance with Section 301(8), Title 48, Code 1940, Recompiled in 1958, an application was made by Cole, the predecessor of A–OK, and evidence was presented to the Commission as to past bona fide operations of Cole. Section 301(8), supra, in pertinent part, provides as follows:

> " * * * if any such carrier of property, * * * or predecessor in interest was in bona fide operation as such common carrier of property by motor vehicle prior to the effective date of this article, * * * the commission shall issue such certificate without requiring further proof that public convenience and necessity will be served by such operation, and without further proceedings, if application for such certificate is made to the commission as provided in paragraph B of this section, and within one hundred twenty days after this section shall take effect. * * * "

Under the provisions of said statute, Cole was permitted to continue such operations as it had previously conducted until the final order of the Commission was issued. As of that date, all operations must be in accordance with the provisions of the final order of the Commission. The final order of the Commission was issued in 1942.

Section 301(27), Title 48, Code 1940, Recompiled in 1958, provides for an appeal from the final decision or order of the Commission and sets the time for perfecting such appeal at thirty days from the date of such final decision or order. Cole took no appeal from the final order of the Commission resulting from the "Grandfather" application. Provision is also made for reconsideration by the Commission of its decision or order. Cole filed no application for reconsideration. If the wording of the certificate is erroneous, the time for correcting such error has long ago passed.

Certificate No. 2656 provides, inter alia, that Cole, to whose rights A–OK succeeded, is authorized to transport general commodities between Birmingham and points within 15 miles thereof "on the one hand," and certain points named in the certificate "on the other hand." That is, the shipments must either originate at, or be destined for, Birmingham or some point within a 15-mile radius thereof.

The construction of the words "on the one hand" and "on the other hand" has not before been before this court. However, the Interstate Commerce Commission has been called upon to decide the proper construction of said words, and, in the absence of authority in this state, we look to the decisions of the Interstate Commerce Commission relating to the question involved herein for guidance in establishing this state's position.

In Gay's Express, Inc., v. Haigis et al., 43 MC 277, 14 FCC Par. 30741, the Board, directing its attention to the proper construction of the words in question, stated as follows:

> "The words 'on the one hand' and 'on the other' contained in defendant's certificate are words of extremity in both common and legal parlance. They were used in defendants' certificate, as they have been in many others, for the sole purpose of identifying the operations authorized as radial operations between a

base point and other points in a described area, as distinguished from an unlimited non-radial operation between described points or all points within described areas." Id., at 279.

The Board's statement of the meaning of the aforequoted phrases was as follows:

"The accepted meaning of these words when so used has long been recognized in transportation parlance as words of limitation in restricting operations of a carrier in such a manner as to require the carrier to operate from the base point to a point in the radial area, or from a point in the radial area to the base point." Ibid.

The Board refused to accept defendants' contention that though "restricted to operations within the area involved to and from Brattleboro, there is no accompanying restriction to prevent the movement of a shipment from a point in the radial area to Brattleboro, the fixed base point, and the movement of the same shipment from Brattleboro, Vt., to another point in the fixed radial area." Ibid.

In 1961, the Board reached a like conclusion in King Van Lines, Inc., Investigation of Certificate, 84 MCC 269, 14 F. Carr.Cas. Par. 35080 (affirmed 220 F.Supp. 551, 15 F.Carr.Cas. Par. 81562), wherein the *Gay's Express, Inc., Case,* supra, was cited as properly defining the words "on the one hand" and "on the other." The Board further stated:

"* * * It also has been well established that the holder of a certificate authorizing radial irregular-route operations alone is not authorized to perform crosshaul operations between points in a radial origin or destination territory even though the service is performed through the base point." Id., at 275.

In brief, A–OK seeks to distinguish the *Gay's Express, Inc.,* case, supra, and the *King Van Lines, Inc.,* case, supra, so as to render the holdings in said cases inapplicable to the facts of the case at bar, on the

ground that in both cases, crosshauling of the base area began *after* the "Grandfather" date and those operations did not exist *prior* to said date. In the instant case, the operations complained of were being conducted prior to the "Grandfather" application. However, we are not inclined to recognize such a distinction for the purpose for which those cases are cited. That is, the proper construction of the words "on the one hand" and "on the other hand," as those words are used in a Certificate of Public Convenience and Necessity.

We are clear to the conclusion that the Commission correctly applied the law to the facts of the case at bar.

The decree of the circuit court is reversed and the cause remanded for the issuance of a decree not inconsistent with this opinion.

Reversed and remanded with instructions.

COLEMAN, BLOODWORTH, MADDOX and McCALL, JJ., concur.

### ON REHEARING

PER CURIAM.

On application for rehearing, A–OK urges, as it did in brief on the original appeal, that there is no interest of record accruing to the Alabama Public Service Commission; that this was an adversary proceedings solely between complaining carriers and A–OK. In brief, counsel for A–OK states that "* * * the sole parties in this case which would have their rights adjudicated by this decree are the complainants and those complainants are not before this Honorable Court. As such, their rights cannot be adjudicated at the instance of the APSC, an uninterested party."

In the appeal taken by A–OK to the circuit court, the Commission was made a *respondent* therein by A–OK. Yet, A–OK argues that the Commission, having had its

order set aside and held for naught on appeal to the circuit court, has no standing to appeal to this Court. To be noted is the fact that the four complaining carriers, complainants in the original action before the Commission, *intervened* in the proceedings on appeal to the circuit court. The appeal to this Court is solely by the Commission.

In Birmingham Electric Company v. Alabama Public Service Commission, 254 Ala. 119, 47 So.2d 449, cited by A–OK as supportive of its position, this Court, as then constituted, found no authority for the Commission to file a petition to amend a supersedeas order after supersedeas bond had been tendered and approved by the circuit court, pending an appeal in the circuit court by the utility of a rate case. Nor did this Court, as then constituted, find any authority in the statutes authorizing the Commission to become a party in such auxiliary proceedings. We are of the opinion, however, that such holdings in Birmingham Electric Company v. Alabama Public Service Commission, supra, in no sense prohibit the Commission appealing from a final judgment or decree of a circuit court annulling or suspending its order.

Section 91, Title 48, Code 1940, provides, among other things, that, "If the public service commission or the State of Alabama shall appeal from a judgment or decree annulling or suspending any rates or orders, it shall not be required to give any security for the costs of said appeal or any bond or undertaking to supersede the judgment or decree."

A careful scrutiny of Birmingham Electric Company v. Alabama Public Service Commission, supra, reveals that this Court, as then constituted, considered Section 91, supra, and construed the language of said section to provide for the Public Service Commission to take an appeal from an adverse judgment or decree of the circuit court.

Further, this Court thinks it implicit in the wording of Section 90, supra, that the Public Service Commission may take an appeal under such conditions. Said section provides that "Either party may appeal to the Supreme Court of Alabama from the judgment or decree of the lower court, the appeal to be taken within thirty days from the rendition of said judgment or decree, * * *."

A–OK further argues, on rehearing, that the interpretation accorded the phrases "on the one hand" and "on the other," as expressed in Gay's Express, Inc., v. Haigis et al., 43 M.C.C. 277, 14 F.Carr.Cas. Par. 30741, and King Van Lines, Inc., Investigation of Certificate, 84 MC.C. 269, 14 F. Carr.Cas. Par. 35080 (affirmed 220 F.Supp. 551, 15 F.Carr.Cas. Par. 81562), is not controlling here since such interpretation had not been established at the time of the issuance of Certificate No. 2656 to Cole, the predecessor of A–OK. However, this Court finds that such language was in common use in the motor carrier industry at the time of, and prior to, the issuance of the certificate involved herein. In Jack Cole Company, Inc., Investigation of Certificate, 32 M.C.C. 199, a decision rendered by the Interstate Commerce Commission on January 31, 1942 (prior to the issuance of Certificate No. 2656 in the case at bar), the phrases "on the one hand" and "on the other" were given the same interpretation as expressed later in Gay's Express, Inc., v. Haigis et al., supra, and King Van Lines, Inc., Investigation of Certificate, supra. It is also interesting to observe in that case the I.C.C. noted its use of these phrases in numerous instances involving an irregular-route radial-service carrier to differentiate between base point and points in the radial area.

Opinion extended; rehearing overruled.

HEFLIN, C. J., and SIMPSON, COLEMAN, BLOODWORTH and McCALL, JJ., concur.