FAULKNER, Justice.
This is an appeal from a decision of the Circuit Court of Montgomery County affirming an Alabama Public Service Commission order that the term “trailers” in Certificate of Public Convenience and Necessity No. 899 did not authorize transportation of mobile homes or house trailers. We affirm.
Dealers Transit, Inc. sought a declaratory order from the APSC interpreting the term “trailers” in its Certificate No. 899 to include house trailers and mobile homes. This request was opposed by Morgan Drive Away, Inc., Bobby Joe Bush d/b/a AAA Mobile Home Movers, James N. Washington d/b/a Jim’s Mobile Home Service, and National Trailer Convoy, Inc. Following a hearing, an APSC Examiner entered a Report and Recommended Order. He recommended, based on consideration of the original grandfather application, that Certificate No. 899 did not authorize Dealers to transport house trailers or mobile homes. After the filing of exceptions and replies to the Report and Recommended Order, the APSC issued its Report and Order adopting and incorporating the Examiner’s Report and Order, and ordered that Certificate No. 899 did not authorize its holder to transport house trailers or mobile homes. On appeal the Circuit Court of Montgomery County affirmed the APSC Order.
Dealers asserts that the APSC erred to the prejudice of its rights by using the grandfather application of its predecessor to construe the term “trailers” in its certificate authorizing transportation of:
“Automobiles, trucks, tractors, trailers, buses, chassis and bodies, cabs and other automotive vehicles or wheeled ordnance, over irregular routes between all points and places in the State of Alabama.”
Certificates granting motor carrier operating rights are normally construed according to their terms, unless their wording is ambiguous or unclear. When language is ambiguous or unclear, recognized rules of construction may be resorted to. Deaton Truck Line, Inc. v. Birmingham-Tuscaloosa-Mobile Motor Freight Line, 264 Ala. 345, 87 So.2d 421 (1955). Contemporary construction and official usage may properly be considered. Murray v. Service Transport, Inc., 254 Ala. 683, 49 So.2d 221 (1950). Likewise what was intended at the time of the issuance of the certificate, as reflected in the original grandfather application, may be used to interpret unclear wording. See Alabama Public Service Commission v. A-OK Motor Lines, Inc., 287 Ala. 182, 249 So.2d 838 (1970).
The term “trailers” as used in the context of the authority granted by Certificate No. *1327 899 is unclear. “Trailers” in that certificate may or may not have the same scope as the dictionary definition of that term.
“Trailer ... 1: one that trails 2: a trailing plant 3a: a highway or industrial-plaint vehicle designed to be hauled (as by a tractor) b: a usu. automobile-drawn highway vehicle designed to serve wherever parked as a dwelling or as a place of business 4a: PREVIEW 2 b: a short blank strip of film attached to the end of a reel.” Webster’s New Collegiate Dictionary, 1975 ed. at page 1238.
Examination of the original grandfather application reveals that the scope of authority included in “trailers” as used in the certificate is not as extensive as the dictionary definition would indicate. Dealers’ predecessor, Dealers Transport Co., in its 1944 application essentially requested that the APSC grant it authority to transport salvage army vehicles and surplus materials by intrastate truckaway service. The only other authority discussed in the application proceedings was the authority to engage in commercial hauling of extra automobiles from one Alabama car dealership to another and possibly for an automotive assembly plant to be built in the state after World War II. “Trailers” as used in the application and in the subsequent grant of authority by the APSC dealt with commercial freight trailers and military equipment trailers. Transporting mobile homes or house trailers clearly was not within the contemplation of the parties or the APSC when the term “trailers” was included in the certificate of Dealers’ predecessor.
Absent fraud, this Court will overturn an order of the Public Service Commission only if there is error in its application of the law or if its order is based on a finding of facts contrary to legal evidence of substantial weight. Illinois Central Railroad Co. v. Thomas Alabama Kaolin Co., 275 Ala. 236, 153 So.2d 794 (1963); Alabama Public Service Commission v. Southern Railway Co., 269 Ala. 63, 111 So.2d 214 (1959). The APSC was correct in its interpretation that the term “trailers” did not include authority to transport mobile homes or house trailers.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.