PER CURIAM.
This is an appeal by Hodges Transfer Company (Hodges), a corporation, from a judgment of the Circuit Court of Blount County affirming an order of the Alabama Public Service Commission (APSC) requiring Hodges to cease and desist from transporting commodities under Certificate of Public Convenience and Necessity (Certificate) No. 518, which neither originated at nor are destined for Uniontown, Alabama. We affirm.
Hodges is the holder of Certificate No. 518 which is a grant of authority from the APSC that authorizes it to transport by motor carrier certain specified commodities “between Uniontown and points in Alabama within a 200 mile radius thereof, over irregular routes.” Hodges is a successor corporation to John Hodges who was issued the Certificate, on application, under the Grandfather Provisions of the Alabama Motor Carrier Act (Acts 1939, No. 669).
Ross Neely Express, Inc., Baggett Transportation Company, Inc., Alabama Bulk Carrier, Inc., Schwerman Trucking Company, Arrow Truck Lines, Inc., Southern Haulers, Inc., and Truck Transport, Inc., filed a complaint with APSC alleging that Hodges, John E. Hodges, and Robbie D. Wood were transporting, under authority of the Certificate, commodities which neither originated at nor were destined for Union-town, Alabama. Various motions were filed and Hodges filed its answer admitting such transportation, but denying that such transportation was not authorized by its Certificate. The parties stipulated that the only issue presented to APSC was the interpretation of Certificate No. 518.
A hearing examiner held a hearing concerning the Certificate, the parties filed briefs, and the examiner issued a report and recommended order that advised the APSC to require any shipments transported under Certificate No. 518 either originate at or be destined for Uniontown, Alabama. Hodges filed exceptions to the examiner’s report and recommended order, and complainants replied. Subsequently, APSC entered its order which adopted the examiner’s recommendation and ordered Hodges to cease and desist transporting commodities which neither originate at nor are destined for Un-iontown, Alabama.
*682 Hodges filed its notice of appeal to the Circuit Court of Perry County and, thereafter, filed its complaint and petition for supersedeas in that court. That court dismissed Hodges’ appeal on motion of APSC on the ground it was not the proper forum to entertain the appeal. On motion for new trial that court transferred the action to the Circuit Court of Blount County which set a hearing and entered a supersedeas of the APSC order. The Circuit Court of Blount County then entered judgment which: (1) found it had jurisdiction; (2) vacated the supersedeas of the APSC order; and (3) affirmed the APSC order. Hodges filed a motion to alter or amend the judgment; it was denied and Hodges perfected this appeal.
The sole question before this court is: does the Certificate, which authorizes transportation between a city and other points within a specified radius thereof, authorize transportation between all pairs of points within the specified radius of that city? We answer the question in the negative.
Hodges contends the question should be answered in the affirmative. It contends it was operating in a so-called non-radial manner before Certificate No. 518 was issued; and therefore, its manner of operation before issuance of the Certificate is the true test to be used in interpreting the Certificate’s extent of grant of authority. Hodges contends: (1) complainants had the burden of proof to establish that non-radial operations were not authorized; (2) they failed to meet this burden; and (3) it has been denied due process by the failure of APSC to make a finding of fact based on the evidence introduced. Hodges further contends the verbiage of its Certificate grants non-radial authority because the language, “on the one hand” and “on the other hand,” was omitted from it.
In cases of this nature we review the judgment of the circuit court without any presumption of correctness, because the lower court was not in any better position to review the evidence than we, and no evidence was taken ore tenus. Alabama Public Service Comm. v. Redwing Carriers, Inc., 279 Ala. 659,189 So.2d 342 (1966). The order of the APSC, however, is usually taken in these cases to be prima facie just and reasonable, and the burden to show the contrary is on the party who would overturn the order of the APSC. Redwing, supra. Code 1975, § 37-1-124. But, when the case is conducted, as in this case, before a hearing examiner and not the Commission members themselves, the presumption will be accorded the examiner’s findings of fact. Southern Haulers, Inc. v. APSC, 331 So.2d 660 (Ala.1976).
Some of Hodges’ arguments are difficult to follow. We find no merit in its argument that complainants failed to meet their burden of proof before the APSC. The sole issue before the APSC, as is before this court, was the interpretation of Certificate No. 518. The complainants met their burden by presenting and arguing the Alabama law and facts governing the language of the Certificate at issue. Likewise, Hodges’ due process argument is far afield and without merit. The facts and law needed to adjudicate the issue in this case were presented to the examiner.
In this case the presumptions usually indulged in APSC cases are not involved because the sole issue is the construction or interpretation of certain language in the Certificate. We are, therefore, concerned with whether the hearing examiner and the APSC correctly applied the law of Alabama in determining the authority granted by the language of the Certificate.
Hodges contends that our case of Alabama Public Service Comm. v. A-OK Motor Lines, Inc., 287 Ala. 182, 249 So.2d 838 (1971), requires the language, “on the one hand” and “on the other hand,” to be in a Certificate of Necessity and Convenience in order that such Certificate limit the grant of authority to a radial one. Hodges argues that the Interstate Commerce Commission (I.C.C.) cases hold such language to be required and A-OK adopted those cases. See, e. g. King Van Lines, Inc., 4 F. Carrier Cases, 35,080, affirmed, D.C., 220 F.Supp. 551. We disagree.
*683 In A-OK, this court merely construed the meaning of the language, “on the one hand” and “on the other hand,” contained in a Certificate of Necessity and Convenience. This court did not hold that such language was required in order to limit the grant to radial authority; furthermore, this court did not hold that I.C.C. decisions would control. The court merely stated that decisions of the I.C.C. could be looked to for guidance, in the absence of authority in this state, when construing language in a Certificate of Necessity and Convenience. A-OK, 287 Ala. at 186, 249 So.2d 838. In this case, the language at issue in Certificate No. 518 is controlled by Martin Truck Line v. Alabama Tank Lines, 261 Ala. 163, 73 So.2d 756 (1954).
In Martin this court construed the following language in Certificate of Necessity and Convenience No. 824.
“ ‘Between Birmingham, Alabama, and Mobile, Alabama, and all points within a radius of One Hundred twenty-five (125) miles of Birmingham * * ”
Like Hodges, the holder of Certificate No. 824 contended the above language granted non-radial authority, in other words, that it could engage in transportation between any pair of points within 125 miles of Birmingham. This court rejected that contention and held the language was a grant of radial authority only. The holding in Martin is in line with the principle of law that Certificates of Necessity and Convenience are usually construed rather strictly against the holder. Towns Truck Lines v. Cotton State Express, 266 Ala. 131, 94 So.2d 402 (1957).
The language at issue in this case is almost identical to that in Martin. Certificate No. 518 reads:
“ * * * Between Uniontown and points in Alabama within a 200 mile radius thereof, over irregular routes.”
We therefore hold the Martin case is controlling and that Certificate No. 518 grants only radial authority.
Hodges makes a final argument: that irrespective of the language of Certificate No. 518, it should have non-radial authority because it was engaged in non-radial hauling both before and after the issuance of Certificate No. 518. Hodges contends the Martin case requires the court to look to the method of operation of the company prior to the issuance of the Certificate in Grandfather Clause cases. This is not correct. Hodges’ argument is based upon the following language in Martin:
“To adopt the construction contended for by the appellant, it would be necessary to add the word ‘between’ at least three times. Moreover, the construction contended for by appellant, would, in our opinion, result in territorial authorization far in excess of that which Ragsdale operated prior to the filing of his application under the ‘Grandfather Clause.’” (Emphasis supplied.) 261 Ala. at 168, 73 So.2d at 761.
The emphasized language from Martin did not provide the basis for the holding in that case, but was merely an additional justification for the decision reached. In fact, this court in A-OK specifically rejected a similar argument as a basis for distinguishing two I.C.C. cases this court consulted for an interpretation of the language, “on the one hand” and “on the other hand.” A-OK, 287 Ala. at 182, 249 So.2d 838.
We have determined the APSC order is correct; therefore, we need not rule on appellees’ motion to dismiss the appeal.
For the reasons assigned the judgment below and the order of the APSC are due to be, and are, affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.