MADDOX, Justice.
This appeal arises out of a misdemeanor citation issued to Cummings Trucking Company by Alabama Public Service Commission enforcement officers. The citation *464 charged that Cummings, by hauling crushed stone from Shelby County to Tuscaloosa, exceeded its hauling authorization under a certificate of public convenience and necessity issued by the Commission over 40 years ago.
Cummings had applied for a general commodities certificate in 1941 under the “grandfather” provision of the Alabama Motor Carrier Act of 1939, Code 1940, Tit. 48, § 301(8). That act provided that the Commission would issue a certificate to any carrier who was carrying on bona fide operations as of the effective date of the act, upon application and without further proof or proceeding. Cummings furnished evidence with its application which showed that it had been, and was, at that time, engaged in the hauling of general commodities within the State of Alabama. That evidence was uncontested, and there was no contest of the application. The Commission issued Cummings’s certificate on May 31, 1941. The Commission’s order contained an appendix which detailed the routes assigned to Cummings and the goods it was permitted to haul, as follows:
“COMMODITIES AND TERRITORY OVER WHICH SAME SHALL BE TRANSPORTED
“1. Paper, iron and steel pipe, pipe fittings, contractors’ equipment, building material, coal, cotton, cotton seed, cottonseed meal and hulls, pitch and fertilizer:
“(a) Between Birmingham and Tuscaloosa via Alabama Highway No. 1.
“(b) Between Birmingham and Mobile via Alabama Highway No. 5.
“(c) Between Tuscaloosa and Mobile as follows:
“Beginning at Tuscaloosa thence via Alabama Highway 13 to Greensboro; thence via Alabama Highway 61 to Un-iontown; thence via U.S. Highway 80 to Browns; thence via Alabama Highway 5 to Mobile.
“With no service to or from any intermediate points on routes a, b and c except that applicant may transport fertilizer and pitch to and from intermediate points.
“2. Household goods such as personal effects and property used or to be used in a dwelling when a part of the equipment or supply of such dwelling; furniture, fixtures, equipment and the property of stores, offices, museums, institutions, hospitals, or other establishments when a part of the stock, equipment, or supply of such stores, offices, museums, institutions, hospitals, or other establishments; and articles including objects of art, displays, and exhibits, which because of their unusual nature or value require specialized handling and equipment usually employed in moving household goods:
“Between points and places in Alabama located within an area of 200 miles from Tuscaloosa, Alabama, and including Tuscaloosa in truck loads only, minimum 2,000 pounds.”
After being issued citations for allegedly violating this certificate, Cummings sought declaratory and injunctive relief from the Montgomery County Circuit Court, asking that the certificate be construed to grant a general commodity hauling authority. The issues heard at trial were (1) whether extrinsic evidence was appropriate for use in construing the language of the certificate and (2) whether paragraph two could be read to grant Cummings its'desired authority. From an adverse ruling by the trial court, Cummings presents the same issues here on appeal.
Because this case was submitted to the trial court on briefs and the substance of the evidence was undisputed, the ore terms rule is inapplicable; this Court will sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court’s application of the law to the facts. McLean v. Brasfield, 460 So.2d 153 (Ala.1984).
Initially, we will address a line of federal cases which appellant has cited, because appellant is correct in stating that, in the absence of applicable Alabama cases, this Court has in the past looked to decisions of the Interstate Commerce Commission for guidance. Alabama Public Ser *465 vice Comm’n v. A-OK Motor LAnes, 287 Ala. 182, 186, 249 So.2d 838, 842 (1970). The cases cited by appellant construed the grandfather clause of the Interstate Commerce Commission Act, which the Supreme Court of the United States has held cannot be implemented in such a way as to deny a carrier authority to carry items which it had carried before the effective date of the Act. See Howard Hall Co. v. United States, 315 U.S. 495, 62 S.Ct. 732, 86 L.Ed. 986 (1942); United States v. Carolina Freight Carriers Corp., 315 U.S. 475, 62 S.Ct. 722, 86 L.Ed. 971 (1942); however, those cases do not apply here. They go to the propriety of the original grant of the certificate; under the authority of A-OK Motor Lines, supra, we will not hear any challenge to the scope of the original grant, but will address only the issue of the construction of the certificate as it was granted. In A-OK Motor Lines, as here, appellant challenged the authority granted by a certificate under the grandfather clause of the Motor Carrier Act. This Court held that, because the statute provided for an appeal from the final decision or order of the Commission, set the time for perfecting the appeal at 30 days, and provided a mechanism for requesting reconsideration by the Commission, Code 1940, Tit. 48, § 301(27), appellant’s time for challenging the wording of the certificate had long passed when it raised the challenge in 1967. A-OK Motor Lines, 287 Ala. at 186, 249 So.2d at 841.
Having determined the scope of our review, we now construe the certificate itself. Appellant correctly states the issue, in its brief, as follows:
“The narrow question before this court on this issue concerns whether a trial court may consider material in the files of the Commission as it attempts to construe a carrier’s certificate. The Commission took the position that the trial court should not consider the proceedings underlying the issuance of a carrier’s certificate. The trial court struck that portion of plaintiff’s complaint that presented the evidence which the Commission considered in determining the scope of plaintiff’s Certificate authority. The trial court erred in striking this portion of plaintiff’s complaint.”
Appellant correctly states that this Court, in appropriate circumstances, may look to extrinsic evidence in construing Commission certificates. Dealers Transit v. Alabama Public Service Comm’n, 374 So.2d 1325 (Ala.1979); Towns Truck LAnes v. Cotton State Express, 266 Ala. 131, 94 So.2d 402 (1957); however, those cases do not support appellant’s contention that the 1941 application should be so considered here. To allow extrinsic evidence to be used, appellant must demonstrate an ambiguity in the instrument as written. For example, in Dealers Transit, supra, appellant was granted authority to transport “trailers,” and this Court looked to contemporaneous evidence to determine whether, at the time of the grant, that word would be considered to include mobile homes; however, we fail in this case to find sufficient ambiguity in paragraph two of the appellant’s certificate to justify looking beyond the four corners of the certificate itself.
On close examination of the Commission’s order to determine its meaning, we find that the instrument is sufficiently clear to avoid the need for lengthy discussion. Reading paragraph two in its entirety, we think it is obvious that the intent of the Commission was to grant authority only for a multi-purpose moving van service. Appellant clearly was granted authority to move more than just household articles, but, just as clearly, that authority does not extend so far as to encompass a general commodity hauling authority that would authorize the hauling of crushed stone. The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.