ADAMS, Justice.
The Alabama Public Service Commission and Silvey Barron Trucking, Inc., appeal from a judgment allowing Massey Hauling Company, Inc., contract carrier authority to haul
“Aggregate of all kinds including, but not limited to, rock, lime, shale, slag, sand and dirt, in dump vehicles, open-top, without pneumatic unloading devices. Between all points in Alabama under continuing contracts with shippers of said commodities.”
The administrative law judge, who initially heard the arguments of the parties, made the following findings:
“By application filed April 20, 1990, Massey Hauling Co., Inc., a corporation, P.O. Box 566, Oneonta, Alabama 36121, seeks authority to extend an existing operation under Permit 211 as a contract carrier by motor vehicle, in intrastate commerce over irregular routes, in the transportation of:
“ ‘Aggregate of all kinds including, but not limited to, rock, lime, shale, slag, sand and dirt, in dump vehicles, open-top, without pneumatic unloading devices. Between all points in Alabama under continuing contracts with shippers of said commodities.’
“Pursuant to notice dated May 3, 1990, the application was set for hearing on May 22,1990. The application was heard on May 22 and June 21, 1990. The application is protested by Silvey Barron Trucking, Inc.; Gerald L.C. Prince and Billy D. Prince, d/b/a Prince Trucking; and Donald Box, d/b/a Shoals Trucking.
“William N. Massey, the Applicant’s president, testified that the Applicant holds intrastate contract carrier authority and interstate common and contract carrier authority. The Applicant dedicates equipment and does not handle random, occasional loads. A grant of the *252 authority sought should help reduce empty miles and help the Applicant to operate more profitably. This would save money for the general shipping public. ...
[[Image here]]
“The Applicant seeks authority that is not restricted to service to specific companies ....
[[Image here]]
“Tenn-Tom is supporting the application because the Applicant provides competitive prices and dependable service. Also, the Applicant has good equipment. At times with common carriers the trucks have not shown up, or have shown up late. Also, the drivers of common carriers are not representing Tenn-Tom and will discuss hauling rates and materials costs with Tenn-Tom’s customers. Tenn-Tom asks different carriers to bid on jobs.
[[Image here]]
“APAC uses common carriers. It wants additional carriers and it wants to be able to use its present services in other areas. The problem with common carriers is they will provide service during the winter, but during the construction season they will leave APAC to provide service to other companies that pay a little bit more. They will do this even though they have signed a written subcontract agreement. Both the common and contract carriers must sign the same subcontract agreement to haul for APAC.”
The administrative law judge further summarized the testimony of the protesting carriers, whose representatives all admitted that business was slow and that they could not afford to lose any more business. The administrative law judge concluded as follows:
“The record in this case shows the Applicant meets the fitness requirement, and I so find. The record shows the supporting shippers need transportation service, and the protesting carriers cannot meet these needs in and south of the Birmingham area. Also, the testimony of Tenn-Tom’s witness shows it needs contract carrier service from its facilities in northwest Alabama. Such service by the Applicant will not materially, adversely affect Protestants' service to the public.
“RECOMMENDATION
“It is, therefore, recommended that Motor Carrier Permit 211, now held by Massey Hauling Co., Inc., a corporation, P.O. Box 566, Oneonta, Alabama 35121, be amended to authorize, in addition to the operations heretofore authorized, operations as a contract carrier by motor vehicle, in intrastate commerce over irregular routes, in the transportation of:
“1. Sand, gravel, limestone, slag, iron ore, clay and fillers, in dump vehicles, open top, without pneumatic unloading devices from the facilities of Tenn-Tom Trading Company, Inc., in Jefferson, Shelby, Tuscaloosa, Colbert, Laud-erdale, Franklin, Winston and Marion Counties, to all points in Alabama, under continuing contract with Tenn-Tom Trading Company, Inc.
“2. Sand, gravel, limestone, granite, slag, and ingredients of plant-mixed asphalt, in dump vehicles, open top, without pneumatic unloading devices, from points in Alabama to the facilities of APAC-Alabama, Inc. and Capital City Asphalt in and south of the counties of Lamar, Fayette, Walker, Jefferson, Shelby, Coosa, Tallapoosa and Chambers, under continuing contract with APAC-Alabama, Inc., and Capital City Asphalt.”
The Public Service Commission adopted the order of the administrative law judge, and Massey appealed the decision to the circuit court, which reversed and granted Massey’s application without restrictions. We reverse the judgment of the trial judge.
At the outset, we note our standard of review in this case:
“When this Court reviews the judgment of a trial court setting aside an order of the APSC, it does so without any presumption as to the correctness of that judgment. Ross Neely Express, Inc. v. Hornady Truck Lines, Inc., 387 *253 So.2d 782 (Ala.1980); Alabama Pub. Serv. Comm’n v. Consolidated. Transp. Co., 286 Ala. 323, 239 So.2d 753 (1970). An order of the APSC shall be taken as prima facie just and reasonable. Ross Neely Express, Inc. v. Alabama Pub. Serv. Comm’n, 431 So.2d 1214, 1218 (Ala.1983). As this Court has stated:
“ ‘Further, this court may not overturn that order unless it finds the Commission erred to the prejudice of [the applicant’s] substantial rights in the application of the law or finds that order based upon findings of fact contrary to the substantial weight of the evidence. Section 37-1-124, Code 1975. It must be kept in mind that the bottom line in these cases is that the final test of the validity or invalidity of the Commission’s order is whether, when all the relevant and material circumstances regarding the order are considered as are duly presented, the order is reasonable or unreasonable.’
“431 So.2d at 1218.”
Alabama Public Service Commission v. M.D. Weeks Trucking Co., 547 So.2d 531, 532-33 (Ala.1989).
“In cases of this nature we review the judgment of the circuit court without any presumption of correctness, because the lower court was not in any better position to review the evidence than we, and no evidence was taken ore tenus. Alabama Public Service Comm. v. Redwing Carriers, Inc., 279 Ala. 659, 189 So.2d 342 (1966). The order of the APSC, however, is usually taken in these cases to be prima facie just and reasonable, and the burden to show the contrary is on the party who would overturn the order of the APSC. Redwing, supra. Code 1975, § 37-1-124. But, when the case is conducted, as in this case, before a hearing examiner and not the commission members themselves, the presumption will be accorded the examiner’s findings of fact. Southern Haulers, Inc. v. APSC, 331 So.2d 660 (Ala.1976).”
Hodges Transfer Co. v. Alabama Public Service Commission, 376 So.2d 680, 682 (Ala.1979).
Section 37-3-13, Code of Alabama 1975, states that a permit for contract carrier authority will be granted:
“to any qualified applicant therefor, authorizing in whole or in part the operations covered by the application, if, after public hearing of the application, it appears from the application and the evidence in support thereof or from any hearing held thereon that the applicant is fit, willing and able to properly perform the service of a contract carrier by motor vehicle and to conform to the provisions of this chapter and the lawful requirements, rules and regulations of the Commission thereunder, and that the proposed operation, to the extent authorized by the permit, will be consistent with the public interest, otherwise such application shall be denied.”
This Court elaborated on the requirements an applicant must meet in Alabama Public Service Commission v. Purolator Courier Corp., 533 So.2d 237 (Ala.1988):
“The Alabama Legislature, by adopting the Alabama Motor Carrier Act of 1939 (as amended, now codified as Chapter 3, Title 37, Code of Alabama 1975), (‘the Act’) established a statutory substitute for competition among common carriers by motor vehicle in Alabama. Section 37-3-11, Code 1975, requires an applicant to obtain a certificate from the APSC before engaging in operations as a common carrier by motor vehicle. The APSC can issue a certificate only if it finds, after a public hearing of the application, that (1) the applicant is fit, willing, and able to properly perform the service proposed and to conform with the provisions of the Act and the regulations of the APSC and (2) the proposed service is or will be required by present or future public convenience and necessity. In making these findings, the APSC is required to consider:
“ ‘(1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs;
“ ‘(2) The financial ability of the applicant to furnish adequate, continuous *254 and uninterrupted service the year around; and
“ ‘(3) The advantages to the public of the proposed service.’
“In the event that there is a finding that the applicant is not fit, willing, or able to properly perform and conform or that the proposed service is not or will not be required by present or future public convenience and necessity, ‘such application shall be denied.’ § 37-3-11(a), Code 1975 (emphasis added).
“Where ore tenus evidence is heard by an administrative law judge or hearing examiner, without the presence of the Commission, as occurred in the case at issue, the presumption of correctness that is normally accorded to the APSC’s order is accorded to the administrative law judge’s or examiner’s finding of fact. Harbin v. Alabama Public Service Commission, 474 So.2d 63 (Ala.1985); Ross Neely Express, Inc. v. Hornady Truck Lines, Inc., 387 So.2d 782 (Ala. 1980); Alabama Public Service Commission v. Redwing Carriers, Inc., 366 So.2d 1111 (Ala.1979); Southern Haulers, Inc. v. Alabama Public Service Commission, 331 So.2d 660 (Ala.1976).
[[Image here]]
“Under our ore tenus rule, the findings of the administrative law judge are presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the findings are found to be plainly and palpable wrong. Harbin v. Alabama Public Service Commission, supra.”
Alabama Public Service Commission v. Purolator Courier Corp., 533 So.2d 237, 239-40 (Ala.1988).
The findings of the administrative law judge in this case were substantiated by the testimony given, and his decision to grant restricted authority to Massey was not plainly and palpable wrong. Therefore, the judgment of the trial court reversing the order of the Alabama Public Service Commission is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.