153 So.2d 794

**ILLINOIS CENTRAL RAILROAD COMPANY et al.**

v.

**THOMAS ALABAMA KAOLIN COMPANY, Inc., et al.**

3 Div. 947.

Supreme Court of Alabama.

May 23, 1963.

Howard D. Koontz, Chicago, Ill., Arthur J. Dixon, Washington, D. C., and Jos. F. Johnston, Birmingham, for appellants.

C. Eugene Fowler, Birmingham, for Thomas Ala. Kaolin Co.

MacDonald Gallion, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for Alabama Public Service Commission.

## PER CURIAM.

This is an appeal from a decree of the Montgomery Circuit Court, in equity, affirming an order of the Alabama Public Service Commission which prescribed certain rates applicable to appellants in the transportation of ground kaolin (clay) between Hackleburg, Alabama, and McIntosh, Alabama.

Thomas Alabama Kaolin Company, Inc. filed a complaint with the Alabama Public Service Commission alleging that the differential or spread between the rates on kaolin, crude minimum weight 80,-000 pounds; and the rates on kaolin or pyrophyllite, crude, washed, shredded or ground, minimum weight 60,000 pounds, is unjust, unreasonable and as such, unlawful. This spread, assailed in the complaint, is the basis of the order of the Commission.

The order of the Commission dated April 4, 1960, prescribed a mileage scale relating to ground kaolin and as applied to the two points hereinbefore mentioned; it reduced the rate on ground kaolin from 783 cents, minimum weight 60,000 pounds, to 484 cents, minimum weight 90,000 pounds. The rates on crude kaolin remained at 438, minimum weight 80,000 pounds. The spread was reduced between the two com--

modities by effecting a reduction of the rate on ground kaolin.

■ Our review of an order of the Alabama Public Service Commission is limited as in the review by the circuit court under § 82, Title 48, Code of Alabama 1940. The only issues for decision on appeal are whether the commission erred in applying the law to the facts found or whether the order was based upon a finding of facts contrary to legal evidence of substantial weight. Alabama Public Service Commission v. Southern Bell Telephone & Telegraph Company, 253 Ala. 1, 42 So.2d 655; Alabama Public Service Commission v. Atlantic Coast Line R. Co., 253 Ala. 559, 45 So.2d 449; Alabama Public Service Commission v. Southern Ry. Co., 269 Ala. 63, 111 So.2d 214.

■ Appellants urge that a substantial and material part of the Commission's order is based upon matter not presented in evidence at the hearing. In arriving at the conclusion of reasonableness, it did appear that consideration, study, analysis, and comparison were given to prevailing rates on like commodities in neighboring states as well as a comparison of the commodity here considered. We feel that was within the province of the Commission. The Alabama Public Service Commission has rather broad powers, not only by virtue of the statute, § 36, Title 48, Code of Alabama 1940, but by virtue of its inherent duties, M. W. Smith Lbr. Co. v. Alabama Public Service Commission, 247 Ala. 318, 24 So.2d 409. The Commission is, of course, permitted to take cognizance of its own orders. Western Ry. v. Montgomery County, 228 Ala. 426, 153 So. 622. We also feel that an independent examination and comparison may be made by the Commission of rates prevalent in neighboring states. The commodities compared should be closely allied and similar to the commodity in question in handling and value. An inherent duty of the Commission is to fix rates; this duty does not rest upon the courts, Alabama Public Service Commis-

sion v. Southern Bell Telephone and Telegraph Company, 268 Ala. 312, 106 So.2d 163; in fixing rates, the Commission may rely upon its expert knowledge of factors commonly known to it. The factors considered must, of course, be relevant to the matter in question. In 42 Am.Jur., Public Administrative Law, § 130, at page 465, we find the following language which is here apposite:

"The process by which proof is simplified in a judicial proceeding by the court's taking judicial notice of matters of common knowledge permits an administrative tribunal to take official notice of the same facts of which a court takes notice. However, administrative agencies necessarily acquire special knowledge in the fields of their activities, and the acquisition of this knowledge is the purpose of their existence in many instances. Accordingly, the field in which official notice may relieve from the necessity of proof is broadened to permit administrative officers to use such knowledge; * * *."

■ Appellants protest that the order of the Commission does not contain a finding that the rate spread between the two types of kaolin was unjust and unreasonable. In the complaint, the spread was complained of as being too great. The Commission merely lowered the rate on ground kaolin to 484 cents, putting it more in line with the existing rate on crude kaolin. Only one commodity rate was affected. The Commission does not, as a matter of practice, concern itself solely with differentials but does use them in matters of comparison. Here, by reducing a rate on a commodity, the Commission has tacitly found that the pre-existing rate was unreasonable and therefore unlawful. This was the issue before the Commission and a finding was entered. It is not necessary to make a determination as to the lawfulness of a differential between commodities. All that is required is that the

Commission's finding be supported by legal evidence of substantial weight and probative force. Smith Transfer Co. v. Alabama Public Service Commission, 271 Ala. 177, 123 So.2d 28.

■ It is urged that the Commission did not recognize the right of appellants to establish rates within a "zone of reasonableness" within which railroads are ordinarily allowed to adjust rates without outside interference. This argument is untenable. The Commission, in setting the rate from Hackleburg to other points, established a maximum applicable rate to ground kaolin. The order stated that the extent to which the rate exceeds 484 would be unjust and unreasonable. It would appear that appellants could reduce their rates below 484 and be within their "zone of reasonableness." There appears no evidence to rebut the finding that the 484 rate was a reasonable rate. The burden is upon one who would upset an order of the Commission, the burden being to establish that the evidence does not sustain the conclusion reached and declared by the Commission. Alabama Public Service Commission v. Atlantic Coast Line R. Co., supra. We are convinced that the conclusion reached by the Commission and the lower court is sustained by the evidence.

■ Appellants argue that the record shows the 484 rate would be discriminatory against other Alabama shippers of kaolin and shippers of kaolin in the South. This argument is without merit. A reading of the Commission's order clearly shows that the order is limited only to shipping from Hackleburg. Quoting from the order of the Commission:

"We find that the assailed rate on ground clay or kaolin, in carloads from Hackleburgh to McIntosh is, and for the future will be, unjust and unreasonable to the extent it exceeds the mileage scale of rates as set forth in Appendix 'A' hereto.

"We further find that present rates and charges on ground clay and kaolin in carloads, from Hackleburg to points and places in Alabama, on the lines of defendants are unjust and unreasonable to the extent they exceed the mileage scale of rates as set forth in Appendix 'A' and that such scale of rates shall be construed as just and reasonable for general application on Alabama intrastate traffic."

We might add that any aggrieved shipper of kaolin, ground, in Alabama might file a separate complaint with the Alabama Public Service Commission; and, if the order proves to be unlawful as applied to them, they would, no doubt, receive the proper relief.

■ Appellants finally argue in brief that there was no finding by the Commission that the rates, as applied to their shipping, would be reasonably compensatory. We think such a finding is necessarily inherent in an order of the Commission. There is no evidence in the record to show the order would not be reasonably compensatory as applied to appellants. Under the usual presumptions, guided by the prima facie justness and reasonableness of an order of the Commission, appellants' argument in this respect is totally without merit.

Finding no prejudicial error upon which to predicate a reversal, we are constrained to affirm the decree of the lower court and uphold the order of the Commission as applied to appellants.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL, and COLEMAN, JJ., concur.