The scope of appellate review (both by the Circuit Court of Montgomery County and by the Supreme Court of Alabama) of Alabama Public Service Commission orders is statutorily prescribed: Section 37-1-124, Ala. Code 1975, provides in pertinent parts:
 "The commission's order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court . . . but the court shall otherwise hear the case upon the certified record and shall set aside the order if the court finds that:
 "(1) The commission erred to the prejudice of appellant's substantial rights in its application of the law; or
 "(2) The order, decision or award . . was based upon a finding of facts contrary to the substantial weight of the evidence."[1]
Where the evidence is heard ore tenus by a Hearing Examiner, the presumption of correctness normally accorded the Alabama Public Service Commission's order will be accorded to the Examiner's findings of fact; and, if it adopts the Hearing Examiner's findings of fact, the APSC's order is entitled to the same presumption. Southern Haulers, Inc. v. APSC,331 So.2d 660 (Ala. 1976).
This appeal, by The Stacy Williams Co., Inc., and the APSC, challenges an order of the Circuit Court of Montgomery County reversing the previous order of the Public Service Commission, which prior order granted a petition on behalf of The Stacy Williams Co. for a Certificate of Public Convenience and Necessity.
By application filed with the APSC, The Stacy Williams Co., Inc., a corporation, sought authority to institute a new operation as a common carrier by motor vehicle, in intrastate commerce over irregular routes, in the transportation of: Products of corn, cane, and beets, and blends of said commodities, in bulk, in tank vehicles, from the LN Railroad siding on Morris Avenue, Birmingham, Alabama, to all points in Alabama.
Fleet Transportation Co., Inc., and Redwing Carriers, Inc., filed protests. After an ore tenus hearing, an Examiner's Report and Recommended Order was reviewed on the record by the Commission; whereupon, the Commission issued its order granting the application. Appellants aptly state the issue presented for review thusly:
 "The Issue presented for review by this appeal is whether the APSC order dated December 12, 1977, granting Stacy's application, is supported by competent, substantial evidence."
The circuit court's order recites, in pertinent part:
 "1. . . . the Alabama Public Service Commission erred to the prejudice of Red Wing's and Fleet's substantial rights in its application of the law and [its order] was based upon a finding of facts contrary to the substantial weight of evidence.
 "2. . . . the APSC erred in its failure to find from the evidence of record that Stacy did not meet the statutory criteria for the granting of a certificate of public convenience and necessity."
Our task, then, is clear: According no presumption of correctness to the reversal order of the circuit court, we must review the record and ascertain whether, in our independent judgment, the APSC order is supported by competent, substantial evidence.
Initially, we observe that our review is not a standardless one. Section 37-3-11, Ala. Code 1975, furnishes the following yardstick: *Page 1113 
 ". . . a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing and able to properly perform the service proposed and to conform with the provisions of this chapter and requirements, rules and regulations of the commission thereunder, and that the proposed service, to the extent to be authorized by the certificate is or will be required by the present or future public convenience and necessity; otherwise, such application shall be denied . . .
 "(b) Before granting a certificate to a common carrier by motor vehicle, the commission shall, among other things, consider the following:
 "(1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs;
 "(2) The financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around; and
 "(3) The advantages to the public of the proposed service."
After careful review of the record, applying the statutory standard, we are convinced that the order of the APSC is amply supported by credible, competent and substantial evidence; accordingly, we reverse the order of the circuit court and affirm the order of the APSC.
A detailed recital of the evidentiary basis for the APSC order would serve no useful purpose. Suffice it to say that, in addition to its own oral testimony, The Stacy Williams Company's application was supported by six witnesses, representing shippers, freight recipients, and dissatisfied receivers of current service in the specifically related industry. The applicant was first approached by a shipper about obtaining an additional qualified hauler because of problems with its current truck transportation — presently furnished by one of the instant protestants.
The record is replete with evidence of applicant's qualifications. The Stacy Williams Co. is currently operating as a private motor carrier; has had extensive experience in the hauling of commodities involved in this application (blends of sweetening substance from corn, cane, and beets); presently owns two highway tractors and proposes to purchase two or three appropriate 4,000 gallon stainless steel trailers; and has total assets of about $3,000,000 with retained earnings of $1,700,000. Indeed, so abundant is the evidence of record of applicant's fitness, willingness, and ability to properly perform and comply with applicable regulations of the commission; of the lack of existing transportation service to meet reasonable public needs; and the public advantages of the proposed service, that a denial of the applicant's certificate would have been against the great weight of the evidence.
The judgment of the circuit court is reversed and the cause is remanded to the circuit court with directions to enter a judgment affirming the order of the Alabama Public Service Commission.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.
[1] The statute is equally applicable to review by the Supreme Court of Alabama. See Illinois Central R. Co. v. Thomas AlabamaKaolin Co., 275 Ala. 236, 153 So.2d 794 (1963).