This is an appeal by Ross Neely Express, Inc. (RNE) from the judgment of the Circuit Court of Montgomery County that affirmed an order of the Alabama Public Service Commission. We affirm.
A quite clear understanding of the history of the proceedings leading to this appeal can be gained from a reading of the trial court's judgment:
"This cause is on appeal pursuant to Title 37-3-29, Code ofAlabama, 1975, and Local Rule 1 of the 15th Judicial Circuit of the State of Alabama from an order of the Alabama Public Service Commission dated July 13, 1981, approving transfer of portions of certificates of public convenience and necessity issued to P.C. White Truck Line, Inc. The certificates authorize transferee, AAA Cooper Transportation, to transport general commodities, except commodities in bulk in tank vehicles, between various points and places in Alabama.
"P.C. White had actively operated the certificates until its bankruptcy forced termination of service. The Bankruptcy Court approved a joint AAA Cooper Transportation and Liquid Transporters, Inc. [application] to purchase divisible portions of P.C. White's intrastate certificates. A Hearing Examiner of the Commission presided at oral hearing on separate applications of the two carriers for approval of the transfers. Only Ross Neely Express, Inc. testified in opposition to the AAA Cooper transfer. The Examiner found the `bulk' intrastate rights Liquid Transporters sought to acquire were `dormant' and no public need or other good cause shown for their transfer to Liquid. He recommended denial of that application. The Examiner also found that, while disapproval of one transfer left the remaining parties with the option of terminating the contract, he concluded denial of Liquid's application required him to deny the AAA Cooper application. He did so without reaching the merits of that application.
"On exceptions, the Commission adopted the Examiner's findings and statement of controlling legal principles. With respect to the disposition of AAA Cooper's application, the Commission rejected the recommended conclusion of the Examiner, concluding instead that denial of the transfer to Liquid did not necessarily void the contract with AAA Cooper and that the parties may be able to consummate. The Commission concluded the transfer to AAA Cooper would be in the public interest, the statutory criterion, for three stated reasons. It would offer the shipping public an alternative service to Ross Neely Express, would provide the shipping with another needed *Page 1216 
single-line service, and would enable AAA Cooper to improve the efficiency of its existing service for the public. Based on the Commission's order of approval, AAA Cooper and P.C. White, through the trustee in bankruptcy, consummated their contract with approval of the bankruptcy court.
"This Court, having carefully studied the record in this cause and having read and understood the briefs filed by the parties, is of the opinion the order of the Commission is valid and should be affirmed. The Court finds the Commission committed no error that would substantially prejudice plaintiff Ross Neely Express's rights and its order is based on findings of fact not contrary to the substantial weight of the evidence. The Court further finds there is sufficient evidence in the record to support the conclusions of the Commission that AAA Cooper's portion of the contract may be consummated and such consummation and transfer would be in the public interest.
"The Examiner's decision is merely a recommendation to the Commission. Where, as here, the findings of the Examiner are left undisturbed and credibility of witnesses plays no part in the essential conclusions, the Commission is free to reject the Examiner's recommendations in whole or in part without minute explanation. Compare and contrast, APSC v. Chem-Haulers, Inc., [293] 393 Ala. 677, 309 So.2d 453, 456 (1975). This Court is obliged by statute to presume the validity of the Commission's action in these circumstances. Here, the contract between the parties speaks in terms of options, as both the Examiner and the Commission correctly found. It states the parties `may' (not `shall') terminate or appeal if one or both of the two applications is not approved. Consummation under the circumstances of a single-application denial is not expressly ruled out. The provision in question appears to address only the alternatives available to the one purchaser whose application has been denied. Since Ross Neely is not a party to the purchase contract and has no interest in it, its objections to the power of the parties to consummate should be asserted if at all before the bankruptcy court. This Court also notes that paragraph 8 of the contract provides for assignment of one party's rights under the contract, with trustee's approval. Thus, a second contract would not seem to be necessary to effectuate the transfer to AAA Cooper.
"The issue the Commission next decided was whether the transfer to AAA Cooper would be in the `public interest'. The Court recognizes dormacy of the operating rights may be a basis for disapproval on public interest grounds, absent a showing the transfer is required by the public convenience and necessity or there is otherwise good cause shown for the transfer. This Court is of the opinion, based upon review of the Commission's decision and the report and recommended order of the Examiner, that the non-bulk general commodity operating rights properly were not considered dormant. This is obvious from the Examiner's findings, which the Commission expressly adopted, and from the report of the Commission itself. The Examiner's findings indicated P.C. White was transporting 2 1/2 million pounds of general commodity freight per week throughout Alabama right up until the time it closed its doors due to bankruptcy. The secured creditors, pressuring the trustee in bankruptcy for P.C. White's vehicle equipment, prevented the continuation of physical motor carrier service, but the trustee did assert the operating rights of P.C. White in opposition to competing applications and thus protected the operations of P.C. White. The trustee acted promptly to secure purchasers to resume those motor carrier operations, and the parties diligently filed and prosecuted applications to effectuate the transfers. Given the bankruptcy of transferor and absence of any provision in Alabama law for temporary authority to operate a financially troubled carrier, it is difficult to conceive of anything P.C. White, the trustee, or AAA Cooper could have done to make the rights more active until the Commission had the opportunity to pass upon the proposed transfer. The law does not presume dormancy every time a motor carrier is forced to close its doors during the bankruptcy proceeding. *Page 1217 
"Under these circumstances, this Court finds the record contains substantial evidence to support the public interest findings of the Commission, findings that do not include any suggestion the non-bulk operating rights are dormant. Failure to include express findings on the obvious, the viability of the P.C. White general commodity rights, would be harmless error if indeed express findings on this matter were required under the law. Similarly, lack of express findings on harm or lack of harm to protestant Ross Neely from the transfer is not an essential ingredient of a lawful Commission decision, given the supporting findings of the Examiner on this matter. Indeed, plaintiff Ross Neely does not even contend in brief or during oral argument before this Court that it stands to be seriously injured by transfer to AAA Cooper.
"This Court is also of the opinion the express findings of the Commission supporting and explaining its `public interest' conclusion are sufficient to sustain its approval for transfer. They reflect the parties' showing of good cause for transfer even if dormancy were attributed to the operating rights. SeeAPSC v. Chem-haulers, Inc., 293 Ala. 677, 309 So.2d 453 (1975). It is not this Court's function to second-guess the Commission's determination as long as there is substantial evidence in the record to support its conclusions. The findings of the Examiner, to which Ross Neely did not except and which the Commission adopted, demonstrate the presence of such evidence.
"The Examiner's report notes the shippers testifying in this case complain about the single-line service of Ross Neely and the joint-line services they had been receiving from other carriers. Several complain about the absence of other alternative carriers. The Examiner's report also references Mr. Dove's testimony to the effect that Ross Neely is listed in the Alabama tariffs as the only carrier serving various named Alabama towns. The Examiner finds the acquisition would enable ACT to improve its load factor and eliminate circuitous mileage, thereby saving fuel and lowering operating costs. These efficiencies appear to represent significant benefits to the public.
"The statute, § 37-3-17, Code of Alabama, 1975, is silent as to what factors the Commission may consider in determining whether a transfer is in the public interest or good cause has been shown. The Supreme Court of Alabama has never set forth any exhaustive list or even detailed precise guidelines of all the factors the Commission must consider or may not consider. This Court believes the Commission is entitled to wide latitude in deciding which factors should control its public interest determination. As long as its findings on this issue are supported by substantial evidence in the record, this Court is not disposed to disturb them. The record does contain, in the Court's judgment, sufficient supporting evidence on the public interest findings of the Commission on which it relied to justify its approval of the transfer to AAA Cooper Transportation. It is, therefore, ORDERED, ADJUDGED AND DECREED that the order of the Alabama Public Service Commission entered July 13, 1981 is hereby affirmed.
"DONE this 5th day of May, 1982."
Appellant, RNE, submits there are fourteen issues presented to us for review. It appears that, in the zeal of advocacy, this is an overstatement. As made to appear by the judgment of the trial court, the precipitating cause for what is said by RNE to be a complex case was the erroneous conclusion by the Examiner that denial of Liquid Transporter's application concomitantly required denial of AAA Cooper's without determination of the merits of the latter, based upon findings of fact already made by the Examiner. We think the three issues as stated by the APSC and AAA Cooper are the decisive and pertinent ones:
 "1. Has the Commission properly left to the applicant-parties the right to determine whether, under the terms of the contract, they may consummate the proposed transfer to ACT if otherwise approved and found to be in the public interest?
 "2. Whether the Commission may, under the circumstances of this case, bottom *Page 1218 
its approval of the proposed ACT transfer on the three public interest factors cited in its decision without making a specific finding on the dormancy of the operating rights of transferor?
 "3. Whether substantial evidence exists in the record to support the Commission's findings identifying the three factors on which it bases its conclusion to approve ACT's application as in the public interest?"
From an obviously careful review of the Commission's record of the facts before the Examiner, the trial court correctly stated:
 "Here, the contract between the parties speaks in terms of options, as both the Examiner and the Commission correctly found. It states the parties `may' (not `shall') terminate or appeal if one or both of the two applications is not approved. Consummation under the circumstances of a single-application denial is not expressly ruled out. The provision in question appears to address only the alternatives available to the one purchaser whose application has been denied. Since Ross Neely is not a party to the purchase contract and has no interest in it, its objections to the power of the parties to consummate should be asserted if at all before the bankruptcy court. This court also notes that paragraph 8 of the contract provides for assignment of one party's rights under the contract, with trustee's approval. Thus, a second contract would not seem to be necessary to effectuate the transfer to AAA Cooper."
It should be kept in mind that the trial court found the Examiner's decision was merely a recommendation to the Commission but his findings were left undisturbed; the credibility of witnesses played no part in the essential conclusions, and the Commission was free to reject the Examiner's recommendations in whole or in part without minute explanation (if, indeed, the law requires any explanation, so long as the findings of the Examiner support the conclusion in, and the result effected by, the order of the Commission). This circumstance is converse to the action of the Commission inAPSC v. Chem-Haulers, Inc., 293 Ala. 677, 309 So.2d 453 (1975). By statute, and under decisions of this court, the Commission's order shall be taken as prima facie just and reasonable. Further, this court may not overturn that order unless it finds the Commission erred to the prejudice of RNE's substantial rights in the application of the law or finds that order based upon findings of fact contrary to the substantial weight of the evidence. Section 37-1-124, Code 1975. It must be kept in mind that the bottom line in these cases is that the final test of the validity or invalidity of the Commission's order is whether, when all the relevant and material circumstances regarding the order are considered as are duly presented, the order is reasonable or unreasonable. Railway Express Agency,Inc. v. APSC, 265 Ala. 369, 91 So.2d 489 (1957). We find no error in the Commission's order when tested against the principles and rules to which we have alluded above.
With those basic considerations in mind, we turn to the question of whether the Commission correctly left to the parties applying for approval of transfer of rights, the determination whether they would effect the proposed transfer under the terms of the contract, if the transfer was approved and found to be in the public interest by the Commission.
In that regard we expressly approve the findings and holding of the trial court as well as its findings and holding regarding dormancy and public interest. Pertinent portions of the Commission's order should be looked to regarding the matters we have discussed. The following seems ample to demonstrate that the order was in all respects correct and not subject to the infirmities alleged by Ross Neely to be found in it.
 "The Examiner found that the authority to transport commodities in bulk, in tank vehicles, is dormant and good cause to approve the transfer of that authority was not shown. Consequently, the Examiner recommended that the application in docket 17979 be denied. The Examiner also concluded that the transfer to *Page 1219 
AAA Cooper could not be consummated by itself and should also be denied.
". . .
 "We have carefully considered the entire record in this cause, including the evidence, the Examiner's Report and Recommended Order, the Exceptions and the Replies. It appears, and we find, that the Examiner's summary of the evidence is correct in all material respects, and we adopt it as fully as if set out herein at length. We also agree with the Examiner's discussion of the controlling standards for transfer applications. We disagree, however, with the
 Examiner's conclusion that both applications should be denied, and his recommendation.
 "The Examiner is correct in his finding that the authority to transport commodities in bulk, in tank vehicles, is dormant, that there is not adequate cause to approve the transfer of this authority, and that the application in Docket 17979 should be denied. On the other hand, AAA Cooper Transportation is well qualified to conduct the general freight operations, and a transfer of the authority in Docket 17980 is consistent with the public interest. That transfer would provide an alternative carrier in many areas of the state, would provide an additional single-line service between north and south Alabama, and would permit AAA Cooper to more efficiently conduct its present operations.
 "The Examiner also erred in concluding that the transfer to AAA Cooper must be denied if the transfer to Liquid Transporters is denied. The underlying contract does not become void if either transfer is disapproved, but the parties will have the option of terminating the contract with a denial of the Liquid Transporters' transfer. Consequently, AAA Cooper may well be able to consumate its portion of the transaction, even though Liquid Transporters' application will be denied herein."
Furthermore, the Commission provided a pointed safeguard regarding what was to be accomplished by approval of AAA Cooper's application when the following was ordered:
 "IT IS FURTHER ORDERED BY THE COMMISSION, that AAA Cooper Transportation shall within 180 days after the date of this order submit a consolidated description of the authority merged in Certificate 467 and which eliminates the duplication in said merged authority and any duplications with Certificate 622."
Finding no error in the order of the Alabama Public Service Commission or the judgment of the trial court, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.