Harbin Freight Line appeals from the judgment of the Circuit Court of Crenshaw County affirming an order of the Alabama Public Service Commission (APSC), which issued a motor carrier certificate of public convenience and necessity to appellee Petrey Freight Line, Inc.
Petrey Freight Line presently holds contract carrier authority from the APSC to haul merchandise owned by Petrey Wholesale Company after Petrey Wholesale has acquired title to the merchandise.
Petrey Freight Line applied for authority to institute a new operation as a common carrier in intrastate commerce between Montgomery and Petrey, Alabama, over irregular routes, to transport the following:
 "General commodities. The referenced commodities are to be transported in enclosed motor vehicles from all points in Montgomery County to all points within a one mile radius of Petrey, AL."
Harbin Freight Line challenged this application. After a hearing, the appointed administrative law judge found that there was insufficient evidence to demonstrate that existing service was inadequate and he recommended that the application be denied.
Petrey Freight Line filed its exceptions to the report and recommended order, stating that it had proved a public need for the services outlined in its application; that it was fit, willing, and able to properly perform the service proposed; and that the proposed service was and will be required by the present and future public convenience and necessity. Petrey Freight Line stated that the only reason Harbin Freight Line could offer for denying its application was that a grant of this authority would reduce Harbin Freight Line's revenues.
Harbin Freight Line filed its replies to Petrey Freight Line's exceptions. Harbin Freight Line stated that the applicant failed to carry its burden of proof; that the evidence failed to show any advantages to the public of the proposed service; and, that existing transportation service is adequate to meet the reasonable public needs. Harbin Freight Line stated that the evidence shows that a grant of this authority would result in a detriment to Harbin Freight Line.
The APSC found that the administrative law judge accurately summarized the evidence presented, but erred in his conclusions and recommendations. The APSC granted the application after finding that "the testimony show[ed] that the applicant [had] met the burden of proof necessary to show that public convenience and necessity requires the proposed service, and that such proposed service will be superior to existing service to Petrey, which the record shows has been provided in an untimely fashion." Harbin Freight Line appealed to the circuit court, which affirmed the APSC's decision. Harbin Freight Line appeals here, contending that the APSC's decision to reject the administrative law judge's recommendations was not supported by legal evidence and that the APSC erroneously granted the application to Petrey Freight Line to the prejudice of Harbin's substantial rights.
Pursuant to Code 1975, § 37-1-124, "The commission's order shall be taken as prima facie just and reasonable." The order may be set aside if the court finds that "(1) The commission erred to the prejudice of appellant's substantial rights in its application of the law; or, (2) The order, decision or award was procured by fraud or was based *Page 65 
upon a finding of facts contrary to the substantial weight of the evidence."
Where the evidence was presented ore tenus and was heard by a hearing examiner and not by the commission members themselves, the presumption of correctness normally accorded to the commission's order will be accorded to the hearing examiner's findings of fact. Although the ore tenus rule mandates that a presumption of correctness be accorded a hearing examiner's findings of fact when he, alone, has heard the evidence, theore tenus rule does not also mandate a presumption of correctness in favor of the examiner's conclusions of law.Southern Haulers, Inc. v. Alabama Public Serv. Comm'n,331 So.2d 660 (Ala. 1976); Hodges Transfer Company v. AlabamaPublic Serv. Comm'n, 376 So.2d 680 (Ala. 1979), cert. dismissed, 446 U.S. 961, 100 S.Ct. 2934, 64 L.Ed.2d 819 (1980);Vann Express, Inc. v. Bee Line Express, Inc., 347 So.2d 1353
(Ala. 1977).
Here, the APSC's findings of fact and conclusions of law are to be taken as prima facie just and reasonable, even though the APSC's conclusions of law differed from those of the administrative law judge because the conclusions of law by the APSC are supported by the administrative law judge's findings of fact. Ross Neely Express, Inc. v. Alabama Public Serv.Comm'n 431 So.2d 1214 (Ala. 1983).
The issues before the Supreme Court for decision on appeal from the circuit court are whether the Public Service Commission erred in applying the law to the facts found or whether the order was based on a finding of facts contrary to legal evidence of substantial weight. Illinois Cent. R. Co. v.Thomas Alabama Kaolin Co., 275 Ala. 236, 153 So.2d 794 (1963);Alabama Public Serv. Comm'n v. Southern Ry. Co., 269 Ala. 63,111 So.2d 214 (1959).
The standard this Court must apply in ascertaining whether the APSC order is supported by substantial evidence is set forth in Code 1975, § 37-3-11, which provides as follows:
 "(a) . . . [A] certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing and able to properly perform the service proposed and to conform with the provisions of this chapter and requirements, rules and regulations of the commission thereunder, and that the proposed service, to the extent to be authorized by the certificate is or will be required by the present or future public convenience and necessity; otherwise, such application shall be denied. . . .
 "(b) Before granting a certificate to a common carrier by motor vehicle, the commission shall, among other things, consider the following:
 "(1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs;
 "(2) The financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around; and
 "(3) The advantages to the public of the proposed service."
Utilizing the above statutory standard, and having carefully reviewed the record, we must conclude that the order of the APSC is supported by credible, competent, and substantial evidence. Thus, we affirm the order of the circuit court which affirmed the order of the APSC.
The record indicates (1) that the applicant is fit and willing and has the ability to properly perform and comply with applicable regulations of the commission; (2) that there is a lack of existing transportation service to meet reasonable public needs; and (3) that there are public advantages in having the proposed service. The applicant has been in business for two and a half years as a contract carrier, and during that time its business has quadrupled. The company is equipped with ten 18-foot closed vans and one 35-foot tractor-trailer. In addition, the company has an office it maintains during the entire business day which is equipped with computerized services to aid in tracing late shipments. *Page 66 
Petrey Freight Line's application was supported by the testimony of six witnesses who represent shippers and freight recipients. All witnesses complained that they had difficulties in communicating with the existing carrier, Harbin Freight Line, especially when attempting to trace shipments. In addition, these witnesses testified that their volume of business had greatly increased over the past few years and that delivery service by the existing carrier had slowed down during the same period. Although these witnesses also testified that they have not filed complaints about their shipments or could not say that Harbin's service was unsatisfactory, we, nevertheless, conclude that the APSC decision is supported by relevant evidence which a reasonable mind might accept as adequate to support the APSC's conclusion that the proposed service is required by public convenience and necessity.
Having found that the Alabama Public Service Commission order is supported by substantial evidence and, thus, that there was no misapplication of the law to the prejudice of Harbin Freight Line's substantial rights, we affirm the judgment of the circuit court.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.