533 So.2d 237 (1988)
ALABAMA PUBLIC SERVICE COMMISSION and Southeastern Parcel Service, Inc.
v.
PUROLATOR COURIER CORPORATION, et al.
87-609.
Supreme Court of Alabama.
September 23, 1988.
James G. Gann, Jr., Birmingham, for appellants.
*238 Walter R. Byars of Steiner, Crum & Baker, Montgomery, for appellee Purolator Courier Corp.
George M. Boles of Boles and Davis, Birmingham, for appellee-intervenor Neely Truck Lines, Inc.
HOUSTON, Justice.
This is an appeal by Southeastern Parcel Service, Inc. ("Southeastern"), and the Alabama Public Service Commission ("APSC") from an order of the Circuit Court of Montgomery County reversing an order of the APSC issued pursuant to the Alabama Motor Carrier Act (Chapter 3, Title 37, Code of Alabama 1975). The APSC order granted a motor carrier certificate of public convenience and necessity to Southeastern for statewide intrastate general commodities authority for commodities originating in Jefferson and Shelby Counties.
Purolator Courier Corporation ("Purolator") and, through intervention, Vann Express, Inc.; Neely Truck Lines Inc.; Georgia-Florida-Alabama Transportation Company, Inc.; North Alabama Express, Inc.; and Hiller Truck Lines, Inc. ("Intervenors"), who were existing common carriers of general commodities by motor vehicle operating under intrastate authority previously granted by APSC, and who protested the issuance of the certificate, appealed to the circuit court from the APSC order. The following is a history of the case at issue:
Southeastern commenced this proceeding by filing an application with APSC seeking authority to institute a new operation as a common carrier by motor vehicle in intrastate commerce over irregular routes in the transportation of the following items and upon the following conditions:
"General commodities in packages each no longer than 120 inches in combined length and circumference, and each weighing no more than 100 pounds. There is a 300-pound aggregate maximum weight limit from one consignor at one location to any one consignee at one location in any one day. Hazardous materials, explosives, money, coins, currency, bullion, and negotiable securities will not be transported. From Jefferson and Shelby Counties to any point in the State."
Following publication of notice of the application, timely protests were filed by Purolator, the Intervenors, and other common carriers certificated by the APSC in Alabama. Hearings were held before an administrative law judge, without any commissioners present or participating in the hearings. Purolator and all Intervenors appeared and participated at the hearings in opposition to the application.
The administrative law judge issued a report and recommended order ("report") and summarized his findings from the evidence, in pertinent part, as follows:
"Five supporting shippers testified in support of this application and no testimony was tendered concerning the amount of shipments each has a requirement for transportation. None of the supporting shippers appear to be utilizing all the services available to them at present and, from a competitive standpoint, have the same services available to them as their competitors in this State....
"... There is no indication of a requirement for additional service from the supporting shippers who testified in this proceeding, but merely a shift in service from the carriers they are presently using or tendering shipments to a new carrier where existing carriers have not been utilized.
"To grant a new service such as this would be so detrimental to existing carriers as to undermine the present economic conditions in the industry.... The shipers testifying in this proceeding all have a number of carriers available to them now, both for same-day and overnight transportation ... and have service to virtually every point in the State out of Birmingham. It is also noted that no testimony was given concerning shipments originating in Shelby County, although that county was included in the territorial description of the application. The shippers must avail themselves of the existing services and, until such time *239 as they are found inadequate, new authority should not be granted."
Southeastern filed exceptions to the report. Purolator and the Intervenors filed their reply to Southeastern's exceptions.
The APSC, in granting Southeastern's application for general commodities authority and reversing the report of the administrative law judge, wrote:
"The Commission has carefully reviewed the entire record in this proceeding, including the application, the testimony presented at the hearing, the exhibits in the record, the Report and Recommended Order, the Exceptions and the Replies of all parties. It is our opinion that the Administrative Law Judge correctly summarized the evidence in this proceeding, and we adopt it as if set out herein. However, we disagree with the conclusion of the Administrative Law Judge."
Purolator, pursuant to § 37-3-29, Code 1975, appealed from the APSC order to the Circuit Court of Montgomery County.
The Alabama Legislature, by adopting the Alabama Motor Carrier Act of 1939 (as amended, now codified as Chapter 3, Title 37, Code of Alabama 1975), ("the Act") established a statutory substitute for competition among common carriers by motor vehicle in Alabama. Section 37-3-11, Code 1975, requires an applicant to obtain a certificate from the APSC before engaging in operations as a common carrier by motor vehicle. The APSC can issue a certificate only if it finds, after a public hearing of the application, that (1) the applicant is fit, willing, and able to properly perform the service proposed and to conform with the provisions of the Act and the regulations of the APSC and (2) the proposed service is or will be required by present or future public convenience and necessity. In making these findings, the APSC is required to consider:
"(1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs;
"(2) The financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around; and
"(3) The advantages to the public of the proposed service."
In the event that there is a finding that the applicant is not fit, willing, or able to properly perform and conform or that the proposed service is not or will not be required by present or future public convenience and necessity, "such application shall be denied." § 37-3-11(a), Code 1975 (emphasis added).
Where ore tenus evidence is heard by an administrative law judge or hearing examiner, without the presence of the Commission, as occurred in the case at issue, the presumption of correctness that is normally accorded to the APSC's order is accorded to the administrative law judge's or examiner's finding of fact. Harbin v. Alabama Public Service Commission, 474 So.2d 63 (Ala.1985); Ross Neely Express, Inc. v. Hornady Truck Lines, Inc., 387 So.2d 782 (Ala.1980); Alabama Public Service Commission v. Redwing Carriers, Inc., 366 So.2d 1111 (Ala.1979); Southern Haulers, Inc. v. Alabama Public Service Commission, 331 So.2d 660 (Ala.1976).
The APSC's order provided: "It is our opinion that the Administrative Law Judge correctly summarized the evidence in this proceeding, and we adopt it as if set out herein." However, the commissioners disagreed with the "conclusion of the Administrative Law Judge."
In Harbin v. APSC, supra, at 65, the Court wrote:
"Although the ore tenus rule mandates that a presumption of correctness be accorded a hearing examiner's findings of fact when he, alone, has heard the evidence, the ore tenus rule does not also mandate a presumption of correctness in favor of the examiner's conclusions of law."
Insofar as this appeal is concerned, the "conclusions" of the commissioners, i.e., "the same day service proposed by [Southeastern] is not one offered consistently by [Purolator and the Intervenors], and ... [Southeastern] proposes a unique service for the delivery of small packages," are certainly not conclusions of law that the
*240 APSC made from the facts; but are factual findings, diametrically opposite to the findings of the administrative law judge.
Under our ore tenus rule, the findings of the administrative law judge are presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the findings are found to be plainly and palpably wrong. Harbin v. Alabama Public Service Commission, supra. Reviewing the 30-page "Findings" of the administrative law judge and the transcript of the hearing, this Court cannot say that the findings of the administrative law judge are plainly and palpably wrong.
The APSC in its order also wrote, "[S]hippers do not have the burden of finding every carrier available to them before a new service can be made available."
We do not find that the administrative law judge "concluded" that shippers did have that burden. He found that "existing transportation service of all kinds is adequate" to meet the reasonable needs of the shippers who testified for Southeastern and to meet the needs of the public. This is one of the things he was required to consider under § 37-3-11(b)(1), Code 1975. After reviewing the record, this Court cannot say that this finding was plainly and palpably wrong.
Southeastern argues that our established standard of review limits "the commissioners' responsibilities and prerogatives to a degree not intended by the law" and that "The hearing examiner's function is one of assistant, not master." The ore tenus rule is not predicated upon the title or gradation of the trier of fact, but upon opportunity. One who by law is empowered to hear oral testimony and to observe the witnesses testifying when evidence is in dispute is in a better position to weigh testimony and to observe the witnesses and interpret that testimony and ascertain the truth than one who merely reads the words of the witnesses. The latter has not the advantage of hearing the intonation or inflection of the voices, or noting the hesitancy or rapidity of a response, or of observing the facial expressions or mannerisms of the witnesses when questions are asked or answers are given. Opportunity, not title, gives rise to the strong presumption of correctness of the findings, and we are not persuaded that we should now abandon the standard of review enunciated in Harbin v. APSC; Ross Neely Express, Inc. v. Hornady; APSC v. Redwing Carriers, Inc.; and Southern Haulers, Inc. v. APSC; and we do not.
Rule 17, Rules of Practice of the Alabama Public Service Commission, provides in pertinent part:
"(A) The Commission will generally follow the established rules of evidence applicable to civil actions at law and will depart therefrom only when it appears that such departure will preserve the substantial rights of the parties.
"(B) All testimony except as otherwise directed must be given on oath or affirmation of the witness.
". . .
"(E) Ordinarily the Commission will not admit letters or other writings in evidence unless the signers thereof are available at the hearing for cross-examination."
Southeastern argues that the administrative law judge should have permitted testimony of a market survey that was objected to as being hearsay. Evidently, the market survey was based upon "Declaration of Intent to Use and Estimate of Volume of Business" forms completed by 30 businesses. A blank copy of that form is in the record; it contains no place for an oath or affirmation. Only five of the signers of the forms were available at the hearing for cross-examination.
The administrative law judge did not err to reversal in refusing to admit evidence of the market survey over Purolator's and the Intervenors' hearsay objection. Rule 17, Rules of Practice of the Alabama Public Service Commission.
AFFIRMED.
TORBERT, C.J., and JONES, BEATTY and STEAGALL, JJ., concur.
MADDOX, ALMON, SHORES and ADAMS, JJ., dissent.
*241 MADDOX, Justice (dissenting).
I dissent. I believe Harbin v. Alabama Public Service Commission, 474 So.2d 63 (Ala.1985), is to the contrary. In my judgment, the Harbin case is similar to this one, and as I read the order of the Public Service Commission, it is almost identical to the order that was entered in the Harbin case. In essence, the way I read the Public Service Commission's order in this case, it says that the Commission finds that the administrative law judge made a good summary of the facts, but that the conclusion reached by the administrative law judge was incorrect, and the Commission made a finding specifically that the service offered by the applicant was unique and not offered by other carriers.
I believe the privilege of making the legislative determination of when to award a certificate is properly reposed in the APSC. Harbin, supra.
ALMON, SHORES and ADAMS, JJ., concur.