MADDOX, Justice.
The issue in this appeal is whether the trial court erred in reversing an order of the Alabama Public Service Commission (“APSC”) that denied the application of M.D. Weeks Trucking Co., Inc. (“Weeks”), for contract carrier authority.
On March 26, 1986, Weeks filed an application seeking authority to institute a new operation as a contract carrier by motor vehicle over irregular routes. Weeks had contracts with NTN-Bower, J & N Steel Corporation, and W.W. Dyar and Sons to transport metal products, building materials, and machinery. Several motor common carriers operating in intrastate commerce protested the application. After a hearing, an administrative law judge recommended that Weeks’s application for contract carrier authority be denied. On February 3, 1987, the APSC adopted the administrative law judge’s conclusion and denied Weeks the contract carrier authority it sought. Weeks appealed the APSC order to the circuit court of Marion County. That court reversed the APSC’s order and ordered that the APSC give Weeks the authority applied for in its application. The APSC then appealed that decision to this Court.
When this Court reviews the judgment of a trial court setting aside an order of the APSC, it does so without any presumption as to the correctness of that judgment. Ross Neely Express, Inc. v. Hornady Truck Lines, Inc., 387 So.2d 782 (Ala.1980); Alabama Pub. Serv. Comm’n v. Consolidated Transp. Co., 286 Ala. 323, 239 So.2d 753 (1970). An order of the APSC shall be taken as prima facie just and reasonable. Ross Neely Express, Inc. v. Alabama Pub. Serv. Comm’n, 431 So.2d 1214, 1218 (Ala.1983). As this Court has stated:
“Further, this court may not overturn that order unless it finds the Commission erred to the prejudice of [the applicant’s] substantial rights in the application of *533 the law or finds that order based upon findings of fact contrary to the substantial weight of the evidence. Section 37-1-124, Code 1975. It must be kept in mind that the bottom line in these cases is that the final test of the validity or invalidity of the Commission’s order is whether, when all the relevant and material circumstances regarding the order are considered as are duly presented, the order is reasonable or unreasonable.”
431 So.2d at 1218.
The law regarding the granting of contract carrier permits is contained in Code 1975, § 37-3-13, which provides in part:
“[A] permit shall be issued to any qualified applicant therefor, authorizing in whole or in part the operations covered by the application, if, after public hearing of the application, it appears from the application and the evidence in support thereof or from any hearing held thereon that the applicant is fit, willing and able to properly perform the service of a contract carrier by motor vehicle and to conform to the provisions of this chapter and the lawful requirements, rules and regulations of the commission thereunder, and that the proposed operation, to the extent authorized by the permit, will be consistent with the public interest, otherwise such application shall be denied.”
The question of Weeks’s fitness to perform this contract service is not in dispute; the entire resolution of this matter depends upon the “consistent with the public interest” requirement of the statute. The following test applies to the “consistent with the public interest” requirement:
“[A] contract carrier permit should be issued when 1) a common carrier cannot extend the preferential service or other advantages of a contract carrier; and 2) the granting of such a permit will not tend to materially depreciate the ability of the protesting common carriers to serve the public. [Alabama Public Service Commission v. Redwing Carriers, Inc., 366 So.2d 1111 (Ala.1979) ].”
Ross Neely Express v. Hornady Truck Lines, 387 So.2d at 785.
Although there was no evidence that the granting of this permit to Weeks would tend to materially depreciate the protesting common carriers’ ability to serve the public, there was evidence before the administrative law judge and the APSC that these common carriers could extend the same service to the user companies that Weeks could offer. Thus, since both prongs of the “consistent with the public interest” requirement were not met, it was reasonable for the APSC to deny Weeks’s application.
For the above reasons, the judgment of the trial court is reversed, and this cause is remanded to the trial court for it to enter an order affirming the order of the APSC.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.