MADDOX, Justice
(dissenting).
Because I am of the opinion that the trial court did err in substituting its judgment for that of the APSC, I must dissent.
As this Court stated recently in Alabama Public Service Comm’n v. M.D. Weeks Trucking Co., 547 So.2d 531 (Ala.1989):
“When this Court reviews the judgment of a trial court setting aside an order of the APSC, it does so without any presumption as to the correctness of that judgment. Ross Neely Express, Inc. v. Hornady Truck Lines, Inc., 387 So.2d 782 (Ala.1980); Alabama Pub. Serv. Comm’n v. Consolidated Transp. Co., 286 Ala. 323, 239 So.2d 753 (1970). An order of the APSC shall be taken as prima facie just and reasonable. Ross Neely Express, Inc. v. Alabama Pub. *154 Serv. Comm’n, 431 So.2d 1214, 1218 (Ala.1983). As this Court has stated:
“ ‘Further, this court may not overturn that order unless it finds the Commission erred to the prejudice of [the applicant’s] substantial rights in the application of the law or finds that order based upon findings of fact contrary to the substantial weight of the evidence. Section 37-1-124, Code 1975. It must be kept in mind that the bottom line in these cases is that the final test of the validity or invalidity of the Commission’s order is whether, when all the relevant and material circumstances regarding the order are considered as are duly presented, the order is reasonable or unreasonable.’
“431 So.2d at 1218.”
547 So.2d at 532-33.
The law regarding the granting of certificates of public convenience and necessity for common carrier authority is contained in Ala. Code 1975, § 37-3-11(a), which provides in part:
“[A] certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found, after public hearing of the application, that the applicant is fit, willing and able to properly perform the service proposed and to conform with the provisions of this chapter and requirements, rules and regulations of the commission thereunder, ...; otherwise, such application shall be denied;.... ”
The first requirement of § 37-3-11(a) is that the applicant be “fit, willing and able to properly perform the service proposed and to conform with the provisions of this chapter and requirements, rules and regulations of the commission thereunder.” (Emphasis added.) A failure to show fitness mandates a denial of the application. There is abundant evidence in the record from which the hearing officer could have properly found that Hurtsboro Trucking Company was not fit to provide this service. The evidence showed the following: Hurtsboro Trucking had operated an unlicensed and illegal operation for approximately 20 years; it had filed a previous application with the APSC and had continued to operate without authority after that application had been denied; and its owner said that he would continue to operate illegally if this present application was denied.
In light of the evidence of Hurtsboro Trucking’s lack of fitness, it was reasonable for the APSC to deny the application; therefore, I would reverse the judgment of the trial court and remand this cause to the trial court for it to enter an order affirming the order of the APSC. Because the majority condones this applicant’s knowing defiance of the statutes and APSC regulations, I must dissent.
HORNSBY, C.J., concurs.