SHORES, Justice.
The Alabama Public Service Commission (“APSC”) and certain protesting carriers, *249 including Vulcan Freight Lines, Inc., appeal from an order of the Jefferson County Circuit Court reversing the APSC’s denial of an application by K & B Hauling Company, Inc. (“K & B”), to institute a new operation as a contract carrier by motor vehicle. We reverse and remand.
K & B, an Alabama corporation, applied to the APSC on May 20, 1991, for authority to institute a new operation as a contract carrier by motor vehicle, in intrastate commerce over irregular routes in the transportation of “heavy self-propelled machinery, part of heavy self-propelled machinery, and components thereof when moving on the same bill of lading, and heavy electric generators and engines therefor, between all points in Alabama.” This application was protested by Bishop Brothers Hauling, Inc.; Cook Transports, Inc.; Vulcan Freight Lines, Inc.; and Osborne Carriers, Inc. An administrative law judge conducted a hearing and served his “Report and Recommended Order” (“RRO”) on September 18, 1991. The judge found that the applicant had not offered a dedicated or preferential service that was not available from the existing carriers, and he recommended that the application be denied. On November 7, 1991, the APSC adopted the RRO and denied the application. K & B appealed the ruling to the Jefferson County Circuit Court.
On August 17, 1992, the trial judge issued the following order reversing the order of the APSC:
“This court has read and considered all briefs presented to it by the parties herein.
“It is the order and opinion of this Court that the finding of the Alabama Public Service Commission (dated November 7, 1991) is contrary to the substantial weight of the evidence.
“Specifically, Vulcan’s services of cartage are actually K & B’s Services. Further, testimony disclosed on Page 3 of Reply Brief by Appellant (T.R. 401-04), and (T.R. 147), shows substantial evidence contrary to the inconsequential evidence arbitrarily relied on by the APSC.
“Hence the Order of the Alabama Public Service Commission, dated 11-7-91, is hereby Reversed. Costs, if any, taxed to appellant.
“/s/ William J. Wynn”
This appeal by the APSC and the protesting companies challenges the circuit court’s order reversing the previous order of the APSC denying K & B’s application.
In examining a contract carrier case, the standard of review is as follows: Appellate review of orders of the APSC, both by a circuit court and by the Supreme Court of Alabama, is governed by § 37-1-124, Ala.Code 1975. Alabama Public Service Commission v. Redwing Carriers, Inc., 366 So.2d 1111 (Ala.1979). Section 37-1-124 provides, in pertinent part:
“The commission’s order shall be taken as prima facie just and reasonable. No new or additional evidence may be introduced in the circuit court, except as to fraud or misconduct of some person engaged in the administration of this title and affecting the order, ruling or award appealed from, but the court shall otherwise hear the case upon the certified record and shall set aside the order if the court finds that:
“(1) The commission erred to the prejudice of appellant’s substantial rights in its application of the law; or
“(2) The order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence.”
This Court has written:
“Where the evidence is heard ore ten-us by a Hearing Examiner, the presumption of correctness normally accorded the Alabama Public Service Commission’s order will be accorded to the Examiner’s findings of fact; and, if it adopts the Hearing Examiner’s findings of fact, the APSC’s order is entitled to the same presumption. Southern Haulers, Inc. v. APSC, 331 So.2d 660 (Ala.1976).”
Alabama, Public Service Commission v. Redwing Carriers, Inc., 366 So.2d 1111, 1112 (Ala.1979).
The APSC is required by statute to determine that: (1) the proposed operation *250 sought to be authorized by the permit will be consistent with the public interest; and (2) the applicant is fit, willing, and able to properly perform the service of a contract carrier by motor vehicle and will conform to the statutory provisions and the lawful rules, requirements, and regulations of the APSC thereunder. Ross Neely Express, Inc. v. Hornady Truck Lines, Inc., 387 So.2d 782, 785 (Ala.1980); § 37-2-13, Code 1975.
A two-pronged test has evolved for determining whether the permit is “consistent with the public interest”: A permit should be granted when 1) a common carrier cannot extend the preferential service or other advantages of a contract carrier and 2) the granting of such a permit will not tend to materially depreciate the ability of the protesting common carriers to service the public. Ross Neely Express, supra.
A review of the testimony and the exhibits before the hearing examiner convinces us that the hearing examiner’s finding (that the applicant had not offered a dedicated or preferential service that was not available from the existing carriers) was correct. Ron Cleveland, of Bishop Brothers Hauling, testified that his company has the equipment to do the work and that his tractors are outfitted with mobile radios. There was testimony from Osborne Carriers that it has eight drivers who can handle this kind of load and that it is having cellular phones installed in its larger tractors. Ocie Cook, of Cook Transports, testified that his company has drivers that regularly load and unload machinery of this kind. Finally, the president of Vulcan Freight Lines, John W. Cook, testified that his company has the authority to transport such equipment and that it has hauled for Thompson Tractor, the company for which K & B wants to haul, in the past. Thus, K & B’s application did not meet the first requirement of the two-pronged test.
Our examination of the record leads us to conclude that the order of the APSC is amply supported by credible, competent, and substantial evidence. Accordingly, we reverse the judgment of the circuit court and remand the cause with directions to enter a judgment affirming the order of the APSC.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.