INGRAM, Justice.
The Alabama Public Service Commission (“APSC”) and certain protesting carriers appeal from a circuit court’s judgment reversing a decision of the APSC.
Billy Barnes Enterprises, Inc. (“Barnes”), applied with the APSC for authority to extend an existing operation as a common carrier by motor vehicle in intrastate commerce over irregular routes in the transportation of the following:
“Paper and paper products, materials, equipment and supplies used in the manufacture of paper and paper products (except commodities in bulk).... ”
The application acknowledged the following “restrictions”:
“(1) Restricted against transportation in motorized vans with a rated load capacity of three-quarter-ton or less. (2) Restricted against the transportation of reels and paper cores from the facility of Sonoeo Products Company, at Opp, to all points and places in Alabama. (3) Restricted against the transportation of materials, supplies and equipment used in the manufacture and sale of reels and paper cores, from all points and places in Alabama to the facility of Sonoeo Products Company at Opp.”
The application was protested by Neely Truck Lines, Inc., and Neely Transport, Inc. Based on a transfer of operating authority from Neely Truck Lines, Inc., and Neely Transport, Inc., to Ross Neely Systems, Inc. (“Neely”), the Neely companies are now consolidated in this proceeding.
An administrative law judge (“ALJ”) held a hearing on Barnes’s application. After the evidentiary hearing, the ALJ issued his recommended order, which was adopted by the APSC. That order, in part, is as follows:
“The Applicant did not show there is an unmet demand for service at facilities throughout the state. Instead, the evidence focused on facilities in Monroe County and Baldwin County. Some problems with service have been experienced at these facilities and traffic volume will be increasing significantly. Protestants have not shown the proposed service to these two counties would harm the service they provide. As a result, it appears, and I find, that the proposed service to these two counties is required by the public convenience and necessity.”
Pursuant to Ala.Code 1975, § 37-3-29, Barnes appealed to the Circuit Court of Monroe County, contending that there was sufficient evidence to show a need for services throughout the entire state. The circuit court agreed with Barnes and remanded, instructing the APSC to issue a certificate of public convenience and necessity with full authority throughout the state. The APSC appeals.
In reviewing APSC orders, this Court, as well as the circuit court, is guided by Ala.Code 1975, § 37-1-124. This statute provides that the APSC’s order “shall be taken as prima facie just and reasonable.” We also note that no presumption of correctness is accorded to the circuit court’s order. Eagle Motor Lines v. Alabama Pub. Serv. Comm’n, 343 So.2d 767, 771 (Ala.1977). However, the APSC order may be set aside if the court finds that:
“(1) The [APSC] erred to the prejudice of appellant’s substantial rights in its application of the law; or
“(2) The order, decision or award was procured by fraud or was based upon a finding of facts contrary to the substantial weight of the evidence.”
Ala.Code 1975, § 37-1-124.
Pursuant to Ala.Code 1975, § 37-3-11, a certificate of public convenience can be issued only if the APSC finds (1) “that the applicant is fit, willing and able to properly perform the service” of a contract carrier by motor vehicle “and to conform with the provisions” of the Alabama Motor Carrier Act and the regulations of the APSC and (2) “that the proposed service ... is or will be required by the present or future public convenience and necessity.” See Alabama Public Service Commission v. C.I.M. Trucking, Inc., 585 So.2d 1343, 1345 (Ala.1991). In making these findings, the APSC is required to consider:
*881 ‘“(1) Whether existing transportation service of all kinds is adequate to meet the reasonable public needs;
‘“(2) The financial ability of the applicant to furnish adequate, continuous and uninterrupted service the year around; and
‘“(3) The advantages to the public of the proposed service.’”
585 So.2d at 1345, quoting Alabama Public Service Comm’n v. Purolator Courier Corp., 533 So.2d 237, 239 (Ala.1988).
The APSC held that Barnes met the fitness qualifications. However, as noted above, it granted only partial authority in Monroe County and Baldwin County. The APSC did not grant authority statewide.
Having reviewed the APSC’s comprehensive and detailed order, we agree that Barnes failed to show that its proposed statewide service would be superior to that service presently authorized by existing carriers. Furthermore, Barnes failed to show that the proposed statewide operations would serve any useful purpose that cannot or will not be met by existing carriers. In other words, Barnes did not show that a statewide certificate was needed.
Barnes did not demonstrate that existing transportation services were inadequate statewide to meet the reasonable public needs. Therefore, we hold that the APSC’s order limiting Barnes’s certificate to Monroe County and Baldwin County is just and reasonable. The APSC correctly applied the law to the facts, and its decision is not contrary to the substantial weight of the evidence. Therefore, the circuit court erred in reversing the APSC’s order. The circuit court’s judgment is due to be reversed and the cause remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES and HOUSTON, JJ., concur.
STEAGALL, J., concurs in the result.